IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:

Michael David Scott                    Bk. No. 17-70045-JAD

A.K.A. The Crawford Group LLC

A.K.A. MaCauly Family Realty Trust

    Debtor

U.S. Bank National Associates as
Trustee Under the Pooling and
Servicing Agreement Dated as of
May 1 2006, GHAMP Trust 2006-HE3,
Mortgage Pass Through
Certificates, Series 2006-HE3

    Movant

V.

Michael David Scott

A.K.A. The Crawford Group LLC

A.K.A. MaCauly Family Realty Trust

    and

James R. Walsh (Trustee)

    Respondents

<u>Response to U.S. Bank National</u>

RECEIVED
2017 MAY 11 A 11:38
CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

As Trustee Letter Dated May 3, 2017

On May 3 2017 counsel for the movant U.II Bank National Associates as Trustee Under the Pooling and Servicing Agreement Dated as of May 1 2006, GSAMP Trust 2006 HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 ( the movant") sent by letter IIsee Letter 1) an enclosed copy of the BPO and page 8 and 12 of the mortgage. However the information provided did not address the Court's concern at the March 8 2017, hearing and the movant has not shown that it is the mortgagee but rather is in violation of Mass General Laws. The debtor's response to the movant's letter follows:

Background/History

The movant in this case, U S Bank National Association as Trustee, does not allege that it is the holder of the note neither does the movant's pleadings or notices to the debtor provide any evidence that the movant is in possession of the original note with the allonge affixed to the note.

On January 13, 2017 Korde & Associates P.C. attorney for the movant notified the Debtor's spouse that it intends to foreclose on the property located at 8 Tiffany Road Bourne MA 02532 by "the power of sale contain in a certain mortgage given by Michael David IIcott to Mortgage Electronic Registration Systems Inc. Exhibit I,

On January 25th 2016, Bank of America National Associates as successor by merger to LaSalle bank assigned the mortgage to the movant absent from the assignment is any indication or reference that the note was also assigned to the movant. Hence, it is understood that the movant is not in possession of the note and is not the mortgagee by statute. Exhibit I#

On February 8 2017 the movant filed for relief from automatic stay Doc # 14 paragraph 3 states that "Movant is the holder of a <u>mortgage</u> in the original principal amount of $511 200 on the mortgaged premises that was executed on December 8 2005, again absent from the movant's pleadings is that it also held the note and so nowhere in the record the movant is referred to as the mortgagee nor does the movant meets the requirement of a mortgage Mass General Laws ch 244 §14.

## Massachusetts Law

In Massachusetts a person is (1) the holder of the note (ii) a nonholder in possession of the [note] who has the rights of a holder or (iii) a person not in possession of the [note] who is entitled to enforce the note pursuant to.. 3 309. Mass Gen. L. Ch 106 §3-301.

Section 3 309 further requires that a person not in possession of an instrument and seeking enforcement of an instrument must prove the terms of the instrument and the person s

right to enforce the instrument if that proof is made" section 3 308 applies to the case as if the person seeking enforcement had produced the instrument

The Court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means Mass Gen L 106, §3 309(b) The purpose of the possession requirement...is to protect the (d)ebtor from multiple enforcement claims to the same note Marks V Braunsteen 431 B R. 248 251, (D Mass 2010) (citing In re. Gavin 319 B R. 27 33 (B A P 1st Cir 2004)

When the note and mortgage are held by separate entities, the holder of the mortgage holds the mortgage in trust for the purchaser of the note, who has an equitable right to obtain an assignment of the mortgage. U S. Bank Nat'l Ass'n v. Ibanez, 458 Mass 637 941, N.E 2nd 40 54 (Mass 2011) Thus if U." Bank National was not the true holder of the note, it held the mortgage in trust for the one who was this is so because, "the mortgage "(no matter who holds it) is always subject to the note as a hoary maxim teaches, "the debt is the principle and the mortgage an incident in other words, the note is the beneficial interest and the mortgage is the legal interest

4

Ergo, a mortgagee without a note lacks authority to foreclose on his own behalf <u>Culhane v. Aurora Loan Servs of Neb</u> 708 F. 3d 282, 292 (1st Cir 2013).

The Massachusetts Supreme Judicial Court has construed the term mortgagee in Mass Gen. Laws Ch 244, §14 the statute governing foreclosure under the power of sale to mean a mortgagee who also holds the underlying note this law became effective after June 27 2012.

Only a mortgagee or his executors, administrators, successor or assigns may exercise the statutory power of sale The Massachusetts Supreme Judicial Court has held that any effort to foreclose by a party lacking jurisdiction and authority to carry out a foreclosure is void Massachusetts is a title theory state, in the Commonwealth, a mortgage is a transfer of legal title in a property to secure a debt for the purpose of securing the debt, the mortgagee is to be considered owner of the property. Further a mortgage and note in combination are a property interest See <u>Butler v. Deutsch Bank</u> LEXIS 114196 (D. Mass August 14, 2012).

Argument

The movant is not the mortgagee rather the movant is a downstream assignee in possession of the mortgage instrument who is not in possession of the note. In light of such evidence the movant does not meet the requirements of MGL L Ch 106 §3 309

5

because the movant offers no proof that he was ever in possession of the note. A mortgage alone has not value under Massachusetts law.

Moreover, Massachusetts law further requires creditors to file an affidavit swearing that prior to noticing a foreclosure the creditor assured it did not know or have reason to know "that the mortgagee is neither the holder of the mortgage note nor the authorized agent of the note holder".

A third party loan servicer must "certify in writing the basis for asserting that the foreclosing party has the right to foreclose including certificate of the chain of title and ownership of the note and mortgage 209 HM R 18.21A(2). This regulation further mandates that "the third party loan servicer shall provide such certification to the borrower with the notice of foreclosure provided pursuant to MGL C 224 §14 and shall also include a copy of the note with all required endorsements. In the present case the movant has not complied with Massachusetts law and the movant has no standing as the motion for relief of stay has no merits.

Nonetheless Mass regulations provide that violations "shall be considered an unfair or deceptive act or practice under MGL S 93A §2 and subject to penalty contained in MGL C 93A "209 C M R §18.22 Accordingly it will be left to the Court to impose such penalties and so because on March 8 2017 the honorable Jeffrey

Deller ordered the movant to prove it had the right to foreclose and the movant has not done so

## Conclusion

The Movant claims are prohibited by law and must be dismissed based on Mass General Laws.

Respectfully Submitted;

Michael D. Scott

772 Saint Joseph Street

Loretto PA 15940

May 8  2017



Omni William Penn Office Tower
555 Grant Street, Suite 300
Pittsburgh, Pennsylvania 15219
412.745.0600 x 31501 | f: 412.745.0601
james.prostko@phelanhallinan.com

James A. Prostko, Esquire                                     Bankruptcy Department*

May 3, 2017

Michael David Scott
772 Saint Joseph St.
c/o FCI Loretto
Loretto, PA  15940

BY FedEx


RE:    Case no. 17-70045
       Michael David Scott
       U.S. Bank N.A. Motion for Relief
       Property Address:  8 Tiffany Road, Bourne, MA  02532

Dear Mr. Scott:

Enclosed is copy of the Motion for Relief that was filed with the Court on February 8, 2017. Also enclosed is a copy of the BPO that was inadvertently not filed with the Motion. In addition I have attached a complete copy of the Mortgage that includes pages 8 and 12. Please contact me if you have any questions.

Very Truly Yours,

James A. Prostko, Esquire

Enclosure

---

* Please be advised that this firm is a debt collector attempting to collect a debt. Any information received will be used for that purpose. If you have previously received a discharge in bankruptcy and this debt was not reaffirmed, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.

EXHIBIT I



# KORDE & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

SERVING MASSACHUSETTS, NEW HAMPSHIRE, & RHODE ISLAND

January 13, 2017

Spouse of Eunice M. James-Scott
40 Old Stable Drive
Mansfield, MA 02048

**Certified Article Number**
9414 7266 9904 2093 3953 96
**SENDERS RECORD**

Please reference our File #: 16-024459/Scott

RE:  U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of May 1, 2006, GSAMP Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 vs. Michael-David Scott a/k/a Michael D. Scott and Eunice M. James-Scott
Land Court Case No. 16 SM 002213
Property Address: 8 Tiffany Road, Bourne, MA 02532

Dear Sir/Madam:

You are hereby notified of the intention of U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of May 1, 2006, GSAMP Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 to foreclose by sale under the power of sale contained in a certain mortgage given by Michael-David Scott to Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for SouthStar Funding, LLC. Enclosed you will find a copy of the Mortgagee's Sale of Real Estate that is being published in the Bourne Courier. The sale is scheduled for February 15, 2017 at 11:00AM on the premises.

The notice is provided to you because an examination of the record title shows you held an interest of record in the property thirty (30) days prior to the sale.

Very truly yours,

Laura Cross
LC/mr

900 CHELMSFORD STREET, SUITE 3102, LOWELL, MASSACHUSETTS 01851
PHONE: 978-256-1500 / FAX: 978-256-7615
HOURS OF OPERATION: 8:30AM – 5:30PM, EST MONDAY THRU FRIDAY

The premises will be sold subject to any and all unpaid taxes and other municipal assessments and liens, and subject to prior liens or other enforceable encumbrances of record entitled to precedence over this mortgage, and subject to and with the benefit of all easements, restrictions, reservations and conditions of record and subject to all tenancies and/or rights of parties in possession.

Terms of the Sale: Cash, cashier's or certified check in the sum of $5,000.00 as a deposit must be shown at the time and place of the sale in order to qualify as a bidder (the mortgage holder and its designee(s) are exempt from this requirement); high bidder to sign written Memorandum of Sale upon acceptance of bid; balance of purchase price payable in cash or by certified check in thirty (30) days from the date of the sale at the offices of mortgagee's attorney, Korde & Associates, P.C., 900 Chelmsford Street, Suite 3102, Lowell, MA 01851 or such other time as may be designated by mortgagee. The description for the premises contained in said mortgage shall control in the event of a typographical error in this publication.

Other terms to be announced at the sale.

U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of May 1, 2006, GSAMP Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3
Korde & Associates, P.C.
900 Chelmsford Street
Suite 3102
Lowell, MA 01851
(978) 256-1500
Scott, Michael David, 16-024459, January 18, 2017, January 25, 2017, February 1, 2017

## LEGAL NOTICE
### MORTGAGEE'S SALE OF REAL ESTATE

By virtue of and in execution of the Power of Sale contained in a certain mortgage given by Michael-David Scott to Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for SouthStar Funding, LLC, dated December 8, 2005 and recorded in Barnstable County Registry of Deeds in Book 20558, Page 39 of which mortgage U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of May 1, 2006, GSAMP Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 is the present holder by assignment from Mortgage Electronic Registration Systems, Inc. as nominee for SouthStar Funding, LLC to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as trustee under the Pooling and Servicing Agreement dated as of May 1, 2006 dated December 14, 2009 recorded at Barnstable County Registry of Deeds in Book 24281, Page 270 and assignment from Bank of America, National Association as successor by merger to LaSalle Bank National Association, as trustee under the Pooling and Servicing Agreement dated as of May 1, 2006 to U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of May 1, 2006, GSAMP Trust 2006-HE3, Mortgage Pass-Through Certificates, Series 2006-HE3 dated January 25, 2016 recorded at Barnstable County Registry of Deeds in Book 29447, Page 281, for breach of conditions of said mortgage and for the purpose of foreclosing the same, the mortgaged premises located at 8 Tiffany Road, Bourne, MA 02532 will be sold at a Public Auction at 11:00AM on February 15, 2017, at the mortgaged premises, more particularly described below, all and singular the premises described in said mortgage, to wit:

The land with the buildings thereon, situated in Bourne, Barnstable County, Massachusetts, described as follows:

First Parcel:

Being shown as Lot 16 on plan entitled "Penelope Estates" Definitive Plan of Land, Bourne, Massachusetts, prepared for Old Centre Homes Realty Trust, Canal Land Surveying, dated August 14, 1995, revised January 6, 1999 recorded at Barnstable County Registry of Deeds in Plan Book 558, Page 76, 77 less so much of said Lot 16 as was conveyed by the within grantor to Theresa M. Clifford and David Clifford, being Lot C on Plan Book 584, Page 24, by deed dated August 6, 2003, recorded with said Deeds in Book 17608, Page 327.

Second Parcel:

Being shown as Lot D on plan entitled "Approval Not Required Plan Prepared for J. Scott Cimeno," dated July 17, 2003, recorded with Barnstable County Registry of Deeds in Plan Book 584, Page 24, being a portion of Lot 15 Penelope Estates shown on Plan Book 558, Page 76, 77.

For mortgagor's title see deed recorded with the Barnstable County Registry of Deeds in Book 20558, Page 37. See also deed recorded in said Registry of Deeds in Book 20747, Page 183.

The property will be sold subject to the redemption rights in favor of the Internal Revenue Service by virtue of the tax lien(s) recorded in Barnstable County Registry of Deeds in Book 23263, Page 82 and Book 26331, Page 90.

The premises will be sold subject to a one-year redemption right in favor of the United States of America by virtue of the Abstract of Judgment Lien Notice and Order of Judgment pursuant to 18 U.S.C. §3613 et al recorded at Barnstable County Registry of Deeds in Book 29839, Page 214.

EXHIBIT II

Bk 29447 Pg281 #6742
02-11-2016 @ 12:06p

Total Pages:

## CORPORATE ASSIGNMENT OF MORTGAGE

**Barnstable, Massachusetts**
SELLER'S SERVICING #: ███████  "SCOTT"
SELLER'S LENDER ID#: ███████
OLD SERVICING #: ███████

Date of Assignment: January 25th, 2016
Assignor: BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2006, GSAMP TRUST 2006-HE3 at 2505 W CHANDLER BLVD BUILDING D, CHANDLER, AZ 85224
Assignee: U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2006, GSAMP TRUST 2006-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE3 at C/O OCWEN LOAN SERVICING, LLC, 1661 WORTHINGTON ROAD, STE 100, WEST PALM BEACH, FL 33409

Executed By: MICHAEL-DAVID SCOTT, SOLE OWNERSHIP To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), SOLELY AS NOMINEE FOR SOUTHSTAR FUNDING, LLC, ITS SUCCESSORS AND/OR ASSIGNS
Date of Mortgage: 12/08/2005 Recorded: 12/12/2005 in Book/Reel/Liber: 20558 Page/Folio: 39 as Instrument No.: 86541 In the County of Barnstable, State of Massachusetts.

Property Address: 8 TIFFANY RD, BOURNE, MA 02532

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of $511,200.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

8 TIFFANY RD, BOURNE, MA 02532

Recording Requested By:
OCWEN LOAN SERVICING, LLC
When Recorded Return To:
OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401
*VAS*VASGMAC*01/19/2016 10:38:11 AM* GMAC40GMACA00000000000004821701* MABARNS*████* MASTATE_MORT_ASSIGN_ASSN *LCBGMAC*

# USA TODAY MONEY

Porsche Panamera is a CEO's dream, 3B



PORSCHE

# Borrowers lost homes to Ocwen, suits say

**Mortgage servicer's problems put survival of company in question; stock plunges 54%**

**Kevin McCoy and Roger Yu**
@kmccoynyc, @ByRogerYu
USA TODAY

The survival of one of the nation's largest non-bank mortgage servicing companies was thrown into question Thursday as the company was hit with federal and state lawsuits for allegedly failing borrowers with mistakes, shortcuts and other problems that cost some people their homes.

Ocwen Financial Corporation allegedly botched basic functions such as sending accurate monthly mortgage statements, properly crediting borrowers' payments and handling taxes and insurance, according to a lawsuit filed in a Florida federal court by the Consumer Financial Protection Bureau.

The CFPB also accused the company, based in West Palm Beach, Fla., of improperly foreclosing on struggling borrowers, ignoring complaints and selling servicing rights to mortgage loans without fully disclosing mistakes the company and its subsidiaries made in borrowers' records.

In all, Ocwen improperly started foreclosure proceedings on at least 1,000 people and has "wrongfully held foreclosure sales," the CFPB charged. The firm's alleged failures also led to lapsed homeowners' insurance coverage for more than 10,000 borrowers, the regulator said.

The Florida Attorney General's office filed a similar state action. And mortgage regulators representing more than 20 states issued separate orders that bar an Ocwen subsidiary from acquiring new mortgage servicing rights and originating additional home loans until the division shows it can properly manage escrow accounts. Those actions could jeopardize the company's financial operations. Shares of Ocwen Financial nosedived Thursday, closing nearly 54% lower at $2.49.

> "Ocwen has repeatedly made mistakes and taken shortcuts at every stage of the mortgage servicing process."
>
> **CFPB Director Richard Cordray**

"Ocwen has repeatedly made mistakes and taken shortcuts at every stage of the mortgage servicing process, costing some consumers money and others their homes," CFPB Director Richard Cordray said in a statement issued with the federal action.

The company characterized the CFPB allegations as "inaccurate and unfounded."

However, Florida Attorney General Pam Bondi and the state's financial regulatory agency separately accused Ocwen of filing illegal foreclosures, failing to pay insurance premiums from escrow accounts and collecting excessive fees. The company failed to make good on pledges to improve its mortgage-servicing performance since agreeing to a multistate settlement in 2014, said Bondi, who added, "enough is enough."

The order issued by North Carolina banking commissioner Ray Grace said mortgage regulators in multiple states identified problems with Ocwen's handling of escrow accounts and other

▶ STORY CONTINUES ON 2B

# Ocwen labels charges inaccurate, unfounded

**CONTINUED FROM 1B**

violations of federal and state laws in 2015. Based on the findings, Ocwen approved an agreement that required the company to fund an independent audit of the accounts by Jan. 13, 2017.

Instead, the company responded in January that reconciliation of the accounts in question "would cost $1.5 billion and be well beyond Ocwen's financial capacity to fund," according to the North Carolina order. "We cannot allow this to continue," Grace said in a formal statement.

Ocwen said it would respond to the state mortgage regulators after reviewing their orders.

Founded in 1988, Ocwen has more than 9,000 employees and services mortgage loans in all 50 states and the District of Columbia. The company has specialized in subprime home loans over the years. As of Dec. 31, Ocwen serviced nearly 1.4 million loans with an aggregate unpaid principal balance of $209 billion, the CFPB said.

Mortgage servicers process paperwork and repayments, deal with loan modification requests and perform other tasks involving borrowers — who have no say in selecting the servicing companies and typically cannot switch to other firms.

The frustrating and expensive experience of one consumer illustrates the problems some borrowers faced with Ocwen. Shaun Mee says he almost faced foreclosure last year in trying to win a mortgage modification approval from the company.

Trying to lower his monthly mortgage payments, the Colorado Springs homeowner said in a phone interview Thursday he applied to have his loan modified with a lower interest rate. Mee said Ocwen sent him an approval letter in August 2016. And he began making lower payments based on the new schedule.

Shortly afterward, Ocwen called to say the modification application process had to be started all over again because "something wasn't entered right," Mee said.

"We sent in all the paperwork," said Mee, who works in sales at Clark Roofing. "Then they said we had to do it all over again. And whenever you called them, you never spoke to the same person. I kept calling them over and over. They kept saying 'the computer went down.'"

Meanwhile, he began receiving non-payment warnings from Ocwen. Because Mee wasn't making the full payment that was due before the approval of the loan modification, Ocwen reported to credit agencies that he was late in paying. That hurt his credit "bad," Mee said.

Meanwhile, real estate agents and investors began visiting the house and calling him to inquire about a sale. Mee says he was told by several real estate agents that he was on "a foreclosure list."

He called his congressional representative and then posted a February alert on Facebook that said, "Warning to anyone thinking or already using Ocwen!!!! Run away as fast as you can!"

A day after he wrote the post, Mee said Ocwen notified him that his modification request had finally won approval, he said. Phone calls from agents and investors have stopped.

"I think it's strong-arm tactics they use," Mee said.

Ocwen did not immediately respond to an email seeking comment on Mee's statements.

The federal lawsuit asks the federal court to order Ocwen to comply with mortgage servicing laws, provide compensation to borrowers who were harmed by the company's actions and pay unspecified penalties.

A USA TODAY review found Ocwen had the third-highest total of mortgage-related complaints filed with the CFPB between December 2011 and October 2014. Only Bank of America and Wells Fargo had more.