UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re: Michael David Scott

                                                    17-70045-JAD

Michael David Scott

      Debtor, Petitioner

V.

U.S. Bank National as

Trustee for Credit Suisse First Boston

Mortgage Services Corp.

Mortgage Backed Pass Through Cert. Series 2004-ART

<u>Motion To Stay Execution of Order Lifting</u>

<u>Automatic Stay On 40 Old Stable Drive Mansfield MA 02048</u>

<u>Pending The Outcome Of Petitioners Appeal</u>

<u>Background</u>

On January, 25, 2017, the Debtor Michael David Scott filed a voluntary Chapter 7 petition.

On April 21, 2017, the movant filed a motion for relief of the automatic stay of the Debtors property at 40 Old Stable Drive Mansfield MA 02048.

1

On June 2, 2017, a hearing was held and the Court granted the movant's motion on the basis (1) that the Debtor had no equity in the property (2) that the Debtor had made payments under a defective modification agreement.

The Debtor now files the enclosed notice of appeal, that the movant is not a [party in interest], that the Debtor's estate has an interest in the property and that Movant is not the mortgagee.

### Claim I The Movant Is Not A Party In Interest

A party that has constitutional standing is a party in interest under the bankruptcy code and, as such, is expressly authorized by 11 U.S.C.S. §362(d) to prosecute a motion for relief from the automatic stay.

Notwithstanding 11 U.S.C.S. §362(g), the moving party bears the burden of proving that it is a party in interest under 362(d). See In Re: <u>Michelin Alcide</u> 450 B.R. 526 (EDPA 2011). (The servicer had not presented sufficient evidence to permit a finding that it was either (1) the holder of the mortgage with the concomitant right to enforce it under state law or (2) the holder of the mortgage to initiate court proceedings to enforce on the holder's behalf.)

In the context of a motion for relief from the automatic stay

to enforce a creditor rights under a mortgage, courts have recognized that to have the "legally protected interest" that makes a party a [party in interest] the movant must be the party that has authority to enforce the mortgage under applicable [non-bankruptcy law]. Therefore, consideration of non-bankruptcy law is necessary in assessing whether the movant is a [party in interest].

Under the Massachusetts Gen. Law Ch 106 G 3-309(a), one who is seeking to enforce a lost note must be the person who was in possession of the note and entitled to enforce it when the loss of possession occurred. The movant in this case was certainly not in possession of the note at the time, the note was lost, and, in fact, was never in possession of the original note.

Section 3-309 governs the enforceability of a lost note under Massachusetts Law. See In Re: Harborhouse of Glouster LLC 505 B.R. 365, 370 (Banker D. Mass 2014) Aff'd 523 B.R. 749 (B.A.P. 1st Cir. 2014) "The purpose of the possession requirement... is to protect the (d)ebtor from multiple enforcement claims to the same note.

Recently, the U.S. Court of Appeals for the Tenth Circuit addressed the issue of standing and the proof needed to establish it. Within the context of a §362(d) request for relief from stay, holding that (1) in order to invoke the Court's power to award relief under §362(d), a party must either be a creditor or a debtor of the bankruptcy estate. (2) A creditor is someone that

has a claim against the Debtor and (3) a claim is a right to payment). Under the uniform commercial code, physical possession of the bear paper, such as a note endorsed in blank, is essential because it constitutes proof of ownership and a right to payment. See Thomas v. Fannie Mae ( In Re: Thomas) 469 B.R. 915 (10th Cir. 2012).

## Massachusetts Laws

Under Mass. Gen. Laws Ch 106, the Massachusetts version of the uniform commercial code, a person in possession of a promissory note endorsed in blank is deemed to be the holder of that note with the right to enforce it. See In Re Jackson LEXIS 5431 (D. Mass 2013). US Bank National, Credit Suisse First Boston has made it abundantly clear, that it is not in possession of the note, and that the note has been lost since 2004. See movant's affidavit. (1) Ergo, the movant does not have standing to seek relief from the automatic stay, as a "party in interest", a fundamental requirement.

Additionally, standing has a prudential aspect, which overlay the constitutional dimensions. These prudential considerations ordinarily require a party to show that his claim is premised on his own legal right (as opposed to those of a third party) See In Re Jackson (D. Mass 2013) As relevant here, the movant has no legal rights to pursue under the terms of the note, because the terms of the note or any rights to enforcement are unknown to the

movant.

In <u>Cullhane v. Aurora, 826 F. Supp 2d 3522 (D. Mass 2011)</u>, aff'd (1st Cir. 2013). Which holds that the possession of the debt is essential to an effective mortgage, and without it, one cannot maintain an action to foreclose the mortgage. Possession of the note is essential to an enforceable mortgage, without which no mortgage could be effectively foreclosed. Although Massachusetts law allows for separation of the note and mortgage, they must be rejoined in the same entity or the entity's agent before initiating foreclosure proceedings--the note and the mortgage must co-exist to give the mortgage validity. Absent from the movant's claim in possession of the note.

### Prejudice To The Petitioner

Under Massachusetts law, if, a mortgagee gives the mortgage holder the power of sale, the mortgagee may foreclose--without a court judgement, ordering the sale after a limited judicial procedure to establish that the mortgagor is not a present or recent member of the armed forces. <u>McKenna v. Wells Fargo, Bank N.A.</u> 693 F. 3d 207 (1st Cir. 2012)

A procedure which was already accomplished by the movant, who deceived the land court that it was the mortgagee, although it was not entitled by law to initiate foreclosure. See <u>Cullhare</u> "Where a mortgagee without an interest in the debt able to exercise the

5

power of sale, the note would be **left outstanding** as a valid obligation of the mortgagor to its holder" emphasis added. And so, by lifting the automatic stay, the Court have left the Debtor, in a position not allowed by law. Indeed, there is no more judicial proceedings for the movant to accomplish, a fact the Court considered when the movant misled the Court to believe so. However, without reinstatement of the stay, the Debtor could be permanently injured by the movant action at foreclosure, by selling the property to a third party, or any other disposition.

## Conclusion

When a party claims to be a secured creditor seeking relief from the automatic stay, the Debtor and bankruptcy court are entitled to insist that the moving party show that it is the holder of the secured claim or that it is the agent of the holder. Ergo, the Court should stay the execution of the order lifting the stay until the conclusion of a decision on the adversary proceedings and the conclusion of the Debtor's appeal of this matter, because those proceedings will essentially determine whether the movant is a party in interest, with a secured claim.

Respectfully Submitted;

Michael D. Scott
772 Saint Joseph Street
Loretto PA 15940
June 12, 2017

## AFFIDAVIT OF LOST NOTE

June 2, 2004

Loan No. ███████

Mailing Address:
981 Airway Court
Suite E
Santa Rosa, CA 95403

State of California
County of Sonoma



The undersigned, Affiant herein, being first duly sworn, deposed and says:

1. That he is the Assistant Secretary of GREENPOINT MORTGAGE FUNDING, INC., with offices at 981 Airway Court, Suite E, Santa Rosa, Ca. 95403 in his capacity as Assistant Secretary he is familiar with the account and note described below.
2. That GREENPOINT MORTGAGE FUNDING, INC. is the owner and holder of the Note and Indebtedness being further described as a Promissory Note signed by Binice M. Jaames-Scott, Michael David Scott dated April 26, 2004 in the original amount of $ 25,000.00.
3. The Promissory Note was made payable originally to GreenPoint Mortgage Funding, Inc, Deed of Trust securing said Promissory Note, described with the property address of: 40 Old Stable DR, Mansfield, MA 02048
4. That the Promissory Note was Lost under the following circumstances: Unable to Locate
5. That the Affiant has made due and diligent search for the Promissory Note; but has not found the same.
6. Affiant has not, nor has any other person to affiant's knowledge, canceled the above described instrument or transferred or in any other way been divested of the ownership of or rights under the above described Promissory Note except for the loss as herein above set forth.
7. In the event that any other person, partnership, corporation, association or other entity makes a claim of any nature whatsoever against the borrowers with respect to the note, seller agrees to indemnify, defend and hold GREENPOINT MORTGAGE FUNDING, INC. or it assignee or successor in interest harmless against any and all losses, damages and liabilities, including without limitation, court costs and reasonable attorney's fees that arise out of or are related to such claim.

GREENPOINT MORTGAGE FUNDING INC.

_____
Kristin Miller, Assistant Secretary
June 2, 2004

State of California   }
                     } ss
County of Sonoma     }

On June 2, 2004, before me, Kolyn VonGehlken, personally appeared Kristin Miller [X] personally known to me or [ ] proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

_____
Kolyn VonGehlken



OFFICIAL SEAL - 1346009
KOLYN VON GEHLKEN
NOTARY PUBLIC - CALIF.
COUNTY OF SONOMA
My Comm. Exp. March 10, 2006

(L.S.)

(SEAL)

**COMMONWEALTH OF MASSACHUSETTS**

**LAND COURT**

**DEPARTMENT OF THE TRIAL COURT**

LAND COURT
FILED
16 NOV -1 AM 10: 37

16 SM 010552

### ORDER OF NOTICE

TO:

**Eunice M. James-Scott; Michael David Scott**

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act:, 50 U.S.C. c.50 § 3901 *et seq.*:

**U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Mortgage-Backed Pass Through Certificates, Series 2004-AR7,**

claiming to have an interest in a Mortgage covering real property in **Mansfield**, numbered **40 Old Stable Drive**, given by **Eunice M. James-Scott and Michael David Scott** to **Mortgage Electronic Registration Systems, Inc, as nominee for GreenPoint Mortgage Funding, Inc., its successors and/or assigns**, dated **April 26, 2004**, and recorded with the **Bristol County (Northern District) Registry of Deeds** in Book **13608**, Page **328**, and now held by plaintiff by assignment has/have filed with this court a complaint for determination of Defendant's/Defendants' Servicemembers status.

If you now are, or recently have been, in the <u>active</u> military service of the United States of America, then you may be entitled to the benefits of the Servicemembers Civil Relief Act. If you object to a foreclosure of the above-mentioned property <u>on that basis</u>, then you or your attorney must file a written appearance and answer in this court at **Three Pemberton Square, Boston, MA 02108** on or before _January 16, 2017_ or you will be forever barred from claiming that you are entitled to the benefits of said Act.

Witness, JUDITH C. CUTLER Chief Justice of this Court on _December 2, 2016_

Attest:

A TRUE COPY
ATTEST:

_Deborah J. Patterson_
RECORDER

_____
Deborah J. Patterson
*Recorder*

(PLEASE SEE REVERSE FOR RETURN ON ORDER OF NOTICE)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (JOHNSTOWN)

| | |
|---|---|
| IN RE: | : |
| MICHAEL DAVID SCOTT | : Bankruptcy No. 17-70045 JAD |
| A/K/A THE CRAWFORD GROUP LLC | : |
| A/K/A MACAULAY FAMILY REALTY TRUST | : Chapter No. 7 |
| Debtor | : |
| | : Related To Doc. No. 106 |
| U.S. BANK NATIONAL ASSOCIATION AS | : |
| TRUSTEE FOR CREDIT SUISSE FIRST | : Hearing Date: June 2, 2017 |
| BOSTON MORTGAGE SECURITIES CORP., | : |
| MORTGAGE-BACKED PASS THROUGH | : Hearing Time: 10:00 AM |
| CERTIFICATES, SERIES 2004-AR7 | : |
| Movant | : Objection Date: May 10, 2017 |
| v. | : |
| MICHAEL DAVID SCOTT | : |
| A/K/A THE CRAWFORD GROUP LLC | : |
| A/K/A MACAULAY FAMILY REALTY TRUST | : |
| and | : |
| James R Walsh, ESQUIRE (TRUSTEE) | : |
| Respondents | : |

## ORDER MODIFYING SECTION 362 AUTOMATIC STAY

AND NOW, this 2nd day of June, 2017, upon Motion of **U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MORTGAGE-BACKED PASS THROUGH CERTIFICATES, SERIES 2004-AR7** (Movant), it is:

**ORDERED AND DECREED:** that Movant shall be permitted to reasonably communicate with the Debtor(s) and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and it is further;

**ORDERED AND DECREED THAT:** The Automatic Stay of all proceedings, as provided under 11 U.S.C. §362 of the Bankruptcy Code is modified with respect to premises, 40 Old Stable Drive, Mansfield, MA 02048-3024, as more fully set forth in the legal description attached to said mortgage, as to allow the Movant, its successors or assignees, to foreclose on its mortgage or take any legal or consensual action for enforcement of its right to possession of, or title to, said premises (such actions include but are not limited to the signing of a deed in lieu of foreclosure or entering into a loan modification agreement) and to allow the purchaser of said premises at Sheriff's Sale (or purchaser's assignee) to take any legal or consensual action for enforcement of its right to possession of, or title to, said premises.

JEFFERY A. DELLER
Chief United States Bankruptcy Judge

CASE ADMINISTRATOR SHALL SERVE:
James A. Prostko, Esquire

FILED
6/6/17 10:49 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA