UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re: Michael David Scott

                                   Bk. # 17-70045-JAD

                                   Doc. No 225

                                   Related Doc No 224

James R Walsh Esquire, Trustee

Of the Bankruptcy Estate

Of Michael David Scott

    Movant

    V.

Michael David Scott

    Respondent

RECEIVED 2017 JUN 28 A 11:03 CLERK U.S. BANKRUPTCY COURT PITTSBURGH

<u>Response To Trustee's Motion Objecting</u>

<u>To Claimed Exemption In The Debtor's Estate</u>

On June 14, 2017, the Debtor, Mr. Scott was served with a motion from the trustee, objecting to the Debtor's exemption in the following properties:

1) 40 Old Stable Drive Mansfield MA, 02048 where the Debtor's spouse and children reside. "The Debtor's Family."

2) 6 Erick Road # 52 Mansfield MA 02048, where the Debtor's elderly, blind and disabled mother lives, the Debtor's mother is his legal dependent. The Debtor's "family".

3) 8 Tiffany Road, Bourne MA 02532, the Debtor's second home which he holds as tenants by its entirety with his non-debtor spouse, under Massachusetts Law both spouses each held 100% interest.

The Trustee motion boils down to simplicity, that the trustee intention to object to the Debtor's motion was done without any investigation, or any attention to the evidence which already exists in the court's dockets.

As to the burden of proof, Federal Rule of Bankruptcy procedure 4003(c) states "in any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. U.S.C 522(1) provides that "unless a party in interest objects, the property claimed as exempt...is exempt" However, under the current rule if the objecting party fails to produce evidence in support of the objection any factual issue must be resolved in favor of the Debtor." See <u>Walsh v. McMurry</u> LEXIS 51405 (WDPA 2008). As relevant in the Debtor's case at hand, the trustee has not produced any evidence to support his objection.

Paragraph 20 thru 21 objects to the Debtor's valid homestead exemption of $500,000 at 40 Old Stable Drive Mansfield MA 02048.

The Trustee claimed that the Debtor failed to provide any documentary proof that he has filed the required declaration of homestead with the registery of deeds. Although the law is clear, that the burden is on the objecting party Fed. R, Bankr P 4003(c). Mr. Scott encloses a copy of the recorded <u>"Decleration of Homestead"</u> book 19024 pg 209 filed October 7, 2010, in the Bristol County registry of deeds.

Also the records of this court clearly shows that on February 9, 2017, the court accepted the Debtors motion for avoidance of a Bank of America judicial lien at his 40 Old Stable Drive residence Doc No 18 and so that filing included, exhibit III, which is a copy of the Debtor's recorded declaration of homestead

In regards to the trustee's allegation, the court must dismiss the trustee's claim, objecting to the Debtors exemption at 40 Old Stable Drive, Mansfield MA 02068. The Trustee has failed to make a claim under Fed R. Civ. P 12(b)(6), made applicable in bankruptcy proceedings by Fed R , bankr P. 7012. The court must review the complaint to determine if the complaint contains sufficient facts accepted as true to state a claim for relief. Here, the record speaks volumes. See <u>Sikirice v. Yanovich (In Re Yanovich)</u> 544 B. R. 306 (WDPA 2016) Honorable Jeffrey A. Deller.

As it relates to paragraphs 23 thru 26 the Debtor claims his exemption under 522(b)(3) on the property at 8 Tiffany Road, Bourne MA 02532, as the Debtor holds the property as tenants by

3

entirety with his non-debtor spouse, who has a 100% interest in the property.

Real property interest and, more specifically, the laws regarding tenants by the entirety are products of State Law. A bankruptcy trustee can reach an entirety property interest only to the extent that a creditor could, and, under state law, entirety property not subject to joint claims is immune from the process.

Tenancies by the entirety created after February 11, 1980, are subject to Mass Gen Laws Ch 209 §1, the statute guarantees each spouse an equal right to the whole. A tenancy by the entirety continues during the existence of the marital relationship and cannot be changed except by death, divorce, a deed of both parties, or a deed of one spouse to the other. The Debtor and his non-debtor spouse has been married since June 5, 1999 and are still married.

Moreover, bankruptcy does not sever a tenancy by entireties, but leaves its general characteristics in place, including the right of one tenant to act on behalf of both. Ergo, the trustee's authority does not generally superseded that power. See In Re. <u>Scott v. Segen</u> 445 B. R. 467, Bankr. LEXIS 3892 (EDPA, 2010). Because Mr Scott and his non-debtor spouse holds the property at 8 Tiffany road as tenants by entirety the trustee power does not supersede the power of Mr. Scott's non-debtor spouse's exemption under state law  In <u>Yanovich</u> (In Re: Yanovial) the Honorable Judge

Jeffery Deller held than in more recent cases using a plain language approach, a more broad interpretation of the phrase "uses as a residence" has been utilized quoting In Re: <u>Lawrence</u> 469 B.R. 140 (Bankr D. Mass 2012) (property previously used as a vacation home could be exempted because the exemption is not limited to "principal residence") The burden now rests on the Trustee to provide more evidence to support his claims.

Furthermore, in response to paragraph 23 of 26 at it relates to the property located at 8 Tiffany Road, Bourne MA 02532 the trustees objection, the Debtor encloses a copy of his amended schedule, clarifying his exemption under 522 b(3)(B) the burden is on the trustee to prove the statutory exemption and to what extent Massachusetts Laws provide an exemption as it relates to tenants by the entirety.

A tenants by the entireties has a number of unique features designed to protect the property of husband and wife. The ability of the husband and wife to shield property through this form of ownership is to some extent in friction with the bankruptcy process of making a debtor's assets available to creditors Nonetheless, the attribute of entirety ownership remain intact while the trustee holds the property following the filing of a bankruptcy petition unless, or until, spouses fail to seek exemptions for the entireties assets.

Therefore, entireties ownership is unaltered by bankruptcy,

it allows either owner of the entireties property to act on behalf of the whole unless the other objects  In essence, the trustee objections to the Debtor's exemptions at 8 Tiffany road Bourne MA, should be denied

The Trustee's allegations in Paragraph 27 thru 31 is without any evidence, but assumptions as to what the trustee believes. At the Debtor's 341 meeting the Debtor explicitly testified that the property at 6 Erick Road #52 Mansfield MA 02048 was the primary residence of his 89 year old, blind, elderly mother.

Also, M.G.L. 188 1A defines the word "family" shall include either a <u>parent</u> and child or children, a husband and wife and their children, if any or a sole owner.

First exemption at 6 Erick Road # 52 Mansfield MA 02048, M.G.L. 188 1A, protects from attachment, seizure of execution of judgment of realty of certain elderly and disabled persons of homestead.

"The real property or manufactured home of persons sixty two years of age or older, regardless of marital status, or of a <u>disabled person</u>, as herein defined, shall be protected against attachment, seizure or execution of judgement to the extent of $500,000; provided.

For the purposes of M.G.L. Chapter 188, an owner of a home

shall include a <u>sole owner</u>, joint tenant, tenant by the entirety or tenant in common, provided, that only one owner may acquire an estate of homestead in any such home for the <u>benefit of his family</u> and provided further that an estate of homestead may be acquired on only one principle residence for the benefit of <u>a family</u>. For the purposes of this chapter, the word "<u>family</u>" shall include <u>either</u> a parent and child or children, a husband and wife and their children if any, or a sole owner."

Hence, Mr. Scott's property at 6 Erick Road # 52 Mansfield MA 02048 is occupied by his elderly mother and it is the burden of the Trustee to prove that the exemption does not apply, Mr. Scott claims an automatic homestead in the amount of $125,000 on his elderly mother's home at 6 Erick Road #52, Mansfield MA 02048. Unlike a declared homestead exemption, an automatic homestead exemption, by definition, exists without any public record. Nevertheless, to qualify for an automatic homestead exemption, an owner and the owner's family members mu;st still intend to occupy the home as a principle residence Mass Gen Laws ch 188 §1 and 188 §4. And so, an automatic homestead exemption "is subject to certain conditions, and exemptions in the amount of $125,000 Mass Gen Laws Ch 188 §1. See <u>In Re: Palladino</u> Banker LEXIS 448 (D. Mass 2015).

## Conclusion

The trustee has failed to provide sufficient evidence to

7

support his claim(s):

1) As it relates to the trustees claim against the Debtor's property at 40 Old Stable Drive Mansfield MA 02048, the court must dismiss the trustee's claim.

2) As it relates to the Debtor's property at 8 Tiffany Road Bourne MA 02532, the trustee has not produced any evidence to support his claim.

3) As it relates to the trustees objection the Debtor's property at 6 Erick Road #52 Mansfield MA 02048. The trustee has failed to produce any evidence to support his claim.

The Court must now deny the Trustee's motion in its entirety.

Respectfully Submitted:

Michael D. Scott

772 Saint Joseph Street

Loretto PA 15940

June 25, 2017



Bk: 19024 Pg: 209 Page: 1 of 1
Doc: HOMESTD  10/07/2010 10:4

## DECLARATION OF HOMESTEAD

I, EUNICE M. JAMES SCOTT, of Mansfield, Bristol County, Massachusetts, owning and occupying as my principal residence the premise located at 40 (Lot 167) Old Stable Drive, Mansfield, Bristol County, Massachusetts, acquired by me by deed recorded with the North Bristol County Registry of Deeds in Book 13098, Page 33, hereby declare a Homestead in said premises under the provisions of Chapter 188, Section 1, of the Massachusetts General Laws, as amended from time to time.

I expressly reserve the right to myself and to my spouse or to the supervisor of us, or our legal representative, to revoke and rescind this Homestead as to ourselves and the rights of our minor, unmarried children.

Executed as a sealed instrument this 7th day of October 2010.

_____
EUNICE M JAMES-SCOTT

## COMMONWEALTH OF MASSACHUSETTS

County of Bristol                                October 7, 2010

Then personally appeared Eunice M. James-Scott, proved to me through satisfactory evidence of identification, which was a Massachusetts driver's license, to be the person whose name is signed on the preceding Declaration of Homestead, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Notary Public
My commission expires:

MICHELLE A. JOOICE
Notary Public
Commonwealth of Massachusetts
My Commission Expires
AUGUST 27, 2015

End of Document

Bk: 18634 Pg: 59

Bk: 18634 Pg: 59 Page: 1 of 2
Doc: AFFT 03/02/2010 03:49 PM

### Affidavit Under M.G.L. c. 183, Section 5B

Property Address: 40 Old stable Drive, Mansfield, Massachusetts 02048

Book Number: 13098, Page: 0033

I, Mildred N. Phillips, of Dedham, Norfolk County, Massachusetts, having personal knowledge of the facts herein stated, under oath depose and say as follows:

I was the conveyancing Attorney on December 4, 2003 when two Quitclaim Deeds and a Homestead Declaration were recorded on behalf of Mrs. Eunice M. James-Scott and Mr. Michael David Scott. These three documents were recorded the same day at the same time at 1:24PM with Bristol County Northern District Registry of Deeds. The Title Examiner was supposed to record the Homestead Declaration after the second Deed but he recorded it out of order before the second Deed—First Deed with Eunice M. James-Scott: Book 13097, Page 335 at 1:24PM, Document 118994; Homestead Declaration with Eunice M. James-Scott: Book 13098, Page 32 at 1:24PM, Document 118997; the Second Deed with Eunice M. James and Michael David Scott: Book 13098, Page 33 at 1:24PM, Document 118998.

Executed under the penalties of perjury this 2nd day of March, 2010.

MILDRED N. PHILLIPS

### COMMONWEALTH OF MASSACHUSETTS

County of Norfolk

On this 2nd day of March, 2010, before me, the undersigned Notary Public, personally appeared MILDRED N. PHILLIPS, proved to me through satisfactory evidence of identification, which was a photographic identification with signature issued by a federal or state governmental agency, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose.

Notary Public
My Commission Expires:

MICHAEL J MORGAN
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires 06/11/2015

Bk: 18634 Pg: 60

## CERTIFICATE

I, Mildred N. Phillips, hereby certify that I am an attorney at law with offices at 779 Washington Street, Canton, Massachusetts, with a central mailing address of PO Box 453, Dedham, Massachusetts, and that the facts stated in the foregoing affidavit are relevant to the title to the premises therein described and will be of benefit and assistance in clarifying the chain of title thereto.

Mildred N. Phillips, Esq.
P.O. Box 453
Dedham, MA 02027-0453
(617) 624-3800
B.B.O. No.: 640846

RETURN TO

After recording, please return to:
Mildred N. Phillips
Attorney at Law
PO Box 453
Dedham, MA 02027

End of Document