AFFIDAVIT OF

MICHAEL DAVID SCOTT.

DEBTOR, 17-70045-JAD

I, Michael David Scott, am over eighteen years of age and make this affidavit under oath and understand the obligations herewith:

1) On May 16, 2017, the Debtor attended telephonically to the 341 meeting of creditors.

2) The Debtor is presently incarcerated at the Federal Bureau of Prisons, 772 Saint Joseph St. Loretto PA 15940.

3) The Debtor's projected release date is somewhere around 2024.

4) On July 17, 2017, the Trustee sent a letter to the Debtor, (question 2) asking the Debtor why at the 341 meeting he testified that there were trusts created in 2005 and 2006 when 3 days later on May 20, 2017, the Debtor indicated that no trusts were created in 2005 and 2006.

5) The Debtor now swears in unequivocal terms, that there were no trusts created by the Debtor in 2005 or 2006. The Debtor's answer to the Trustee's question at the meeting, was an attempt to recall historical information more than ten years old, which

1

relied on his memory alone.

6) This fatal reliance on the Debtor's memory was no more than a misstatement. The Debtor re-affirms that there are no documents, papers, records, historical data, privileged or non-privileged records, communications, assets, tax returns, witnesses, or entities that will indicate that any trust(s) were created in 2005 and 2006 by the Debtor.

7) Furthermore, the Debtor re-asserts that he cannot comply with question number 1 and question number 5 for the same reason, the Debtor holds that his prior attempt to answer the Trustee based on his memory created an unwarranted speculation about alleged trust(s) that never existed or will ever exist.

8) The Debtor further states that any information the Trustee needs as it relates to question number 1 of the enclosed letter, the Debtor refers the Trustee to Hang Nina Nguyen, 1582 Dorchester Avenue, Dorchester MA 02124, (Tel) 617-822-8088 and Henrietta Eversley as Trustee, 92 Carnegie Avenue East Orange N.J. 01703 (Tel) 973-525-4521.

9) As it relates to question number 5, the Debtor does not have sufficient recollection based on his memory to comply with this request, and also, the Debtor has no records. The Debtor further states, that any records the Debtor had, were turned over to his prior bankruptcy attorney, Apolo Catala, who misplaced all

2

of those records. And so, the Debtor refers to the Massachusetts Bankruptcy Court records 09-13820 (Judge Hillman presiding), confirming this factual basis for the unavability of historical records going back ten years.

10) On September 13, 2017, the Debtor makes this truthful affidavit to comply with the Chapter 7 Trustee's request made in the letter dated July 17, 2017.

I Michael D. Scott provide the statements in this affidavit to the best of my knowledge under the pains and penalties of perjury.

_____
Signature Michael D. Scott

_____
Notary

I _____ certify that Michael D. Scott appeared before me personally and signed this document of his own free will.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Kenneth Hite, Notary Public
Clearfield Twp., Cambria County
My Commission Expires March 17, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Sworn to and subscribed before me this 14 day of Sept, 2017

Commonwealth of Pennsylvania
County of Cambria

3

**CUSTER**

ATTORNEYS AT LAW

James R. Walsh   Ronald P. Carnevali, Jr.
Michael J. Parrish, Jr.   Kevin J. Petak
Toby D. McIlwain

*of counsel*
James C. Munro, II

July 17, 2017

Michael David Scott
c/o FCI Loretto
772 Saint Joseph Street
Loretto, PA 15940

RE:   **Scott, Michael David**
      **Chapter 7 Bankruptcy Case No. 17-70045-JAD**

Dear Mr. Scott:

At the Section 341 meeting of creditors held on May 16, 2017, upon eliciting testimony from you under oath and the penalty of perjury, the Chapter 7 Trustee requested that you provide additional information and documentation related to both the Petition, Schedules, Statement of Financial Affairs and related documents filed of record as well as from your testimony. I have had an opportunity to review your letter to the Trustee dated May 20, 2017 along with the documents provided by you in response to the Trustee's request for detailed information.

Unfortunately, the responses provided and the documents submitted by you are not sufficient to satisfy the Trustee's request and as such, I am again making a request for the information requested by the Trustee at the meeting of creditors. Please provide the Trustee with the following documents to allow him to investigate your assets and financial affairs in accordance with his statutory duties:

1. Related to the Macaulay Family Realty Trust ("Macaulay Trust"), while I appreciate you providing the Trustee with the "as filed" Declaration of Trust dated June 30, 2010, the Trustee also requested the following information related to the Macaulay Trust:
   a. A detailed itemization of all assets transferred into the Macaulay Trust since its inception;
   b. A detailed itemization of all assets transferred out of the Macaulay Trust since its inception, including how the particular asset was disposed of and the consideration paid for each asset and
   c. All Federal and state income tax returns filed in the name of the Macaulay Trust since its inception.

2. During the meeting of creditors, you testified that there were three (3) additional trusts created in 2005, 2006 and 2008. You further testified that the assets of the various trusts

Spence Custer Saylor Wolfe & Rose, LLC

Michael David Scott
July 17, 2017
Page 2

included real estate with the first property being transferred into the trust(s) in 2008. The Trustee requested copies of the trust agreements, a detailed itemization of all assets transferred into the name of the trusts, the disposition of the assets and the consideration paid as well as the Federal and state income tax returns for each trust since inception. In your May 20, 2017 letter in response to the Trustee's request for documents, you indicate that these documents are not in your possession; the Trustee again reiterates his request for the aforementioned documents as well as detailed records of all assets going into and out of the various trusts, the amounts paid for each transfer out of the trust as well as all tax returns filed on behalf of the trusts. I note that you provided the Trustee with a Declaration of Trust for the Macaulay Family Trust; please provide similar declarations related to the three (3) other trusts that you testified were created.

You testified that you created trusts in 2005 and 2006 however, now in your May 20, 2017 letter, you indicate that there were in fact no trusts created in 2005 and 2006. The Trustee is requesting a detailed explanation of why approximately three (3) days prior to your letter, you testified that there were trusts created in 2005 and 2006.

3. A complete copy of the complaint in the matter of Michael D. Scott v. Apolo Juan Catala and Catala & Associates, P.C. filed in Superior Court of Massachusetts at Civil Action 2013-01525D. Enclosed with your May 20, 2017 letter was a document titled "Findings of Fact[;]" the Trustee requests a copy of the complaint filed in the case.

4. You testified that you were the holder of a default judgment against Apolo Juan Catala and Catala & Associates, P.C. in the approximate amount of $19,248,347.90 and were represented by Attorney Alex F. Mattera in the matter. Upon inquiry, you testified that Attorney Mattera was in communication with the judgment debtors' insurance carrier, believed to by Liberty Mutual, in an effort to collect on the judgment. The Trustee requested that you contact your counsel, Attorney Mattera, and request information and documents related to the judgment and collection activities related to the same including any correspondence with the judgment debtors' insurance carrier. Included with your May 20, 2017 response letter to the Trustee was a letter of same date to Alex Mattera requesting that he provide the information requested. To date, neither I nor the Trustee have received any phone call, email or letter from Attorney Mattera. Kindly follow-up with him requesting

Spence Custer Saylor Wolfe & Rose, LLC

Michael David Scott
July 17, 2017
Page 3

    the information requested by the Trustee.

5. The Trustee requests that you provide a detailed itemization along with a list of any entity, accounts or property that you held an interest in for the ten (10) year period prior to the filing of the voluntary petition for relief not just, according to your May 20, 2017 letter, in the one (1) year prior to filing.

Kindly provide the requested information to my office so that the Trustee can continue with his investigation of the case.

Very Truly Yours,

Kevin Petak

cc:  Office of the United States Trustee