UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA


In Re

Michael David Scott                                    Chapter 7

      Debtor                                         Case #17-70045-JAD


James R. Walsh, Esquire

Trustee of the Bankruptcy Estate

Of Michael David Scott

      Movant


V.


Michael David Scott

      Respondent


Supplemental Filing In Response To

Trustee's Objection To The Debtor's Exemption


On July 18, 2017 the Trustee filed an objection to the Debtor's exemptions. Paragraph 21 of the Trustee's objection states that the declaration of homestead filed solely by Eunice M. James Scott is defective due to its failure to comply with Mass. Ann. Laws Ch. 188 §5.

However, this is not so because the declaration of homestead

filed by the Debtor's spouse is automatically grandfathered in. See page 11 footnote of the enclosed documents.

Chapter 395 of the Acts of 2010 states that all existing estates of homestead in effect on the effective date of this act, March 16, 2011, shall continue in full force and effect, notwithstanding the repeal of any law under which they were created. Additionally, all existing estates of homestead shall not be governed by this new statute even though the executor of each does not comply with the new M.G.L. Chapter 188 Section 5.

The Debtor respectfully submits this additional information ahead of the hearing to conserve the court and parties time.

Respectfully Submitted;

Michael D. Scott
772 Saint Joseph Street
Loretto PA 15940
September 26, 2017

## Certificate Of Service

I Michael David Scott certify that I have served a copy of the attached document to counsel for the Chapter 7 Trustee, Kevin Petak 1067 Menoher Boulevard, Johnstown, PA 15905 by first class U.S. Mail on September 26, 2017.

Respectfully Submitted;
Michael D. Scott

# QUESTIONS and ANSWERS

# The Homestead Act

Massachusetts General Laws, Ch. 188, §1-10





**William Francis Galvin**
Secretary of the Commonwealth

*updated 8/1/13*



**William Francis Galvin**
Secretary of the Commonwealth
Citizen Information Service
One Ashburton Place, Room 1611
Boston, MA 02108
Telephone: (617) 727-7030
Toll-free: 1-800-392-6090 (in Mass. only)
TTY: (617) 878-3889
Email: cis@sec.state.ma.us
Website: www.sec.state.ma.us/cis

**Dear Homeowner,**

This pamphlet has been designed to answer some of the basic questions asked every day pertaining to the Homestead Act. Any changes made by the new Homestead reform legislation, effective on March 16, 2011, are included. This information is not designed to provide any legal advice or address the practical effect of a estate of Homestead. As in all areas of the law, to fully understand your rights, you should consult an attorney of your choice.

If you have any further questions or concerns about how the Registry of Deeds can assist you in filing a declaration of Homestead, please do not hesitate to contact the Registry of Deeds office directly. We are here to serve you.

Sincerely,

*William Francis Galvin*

William Francis Galvin
Secretary of the Commonwealth

**What is a Declaration of Homestead/Homestead Protection?**

An estate of homestead is a type of protection for a person's principal residence. There is an automatic homestead protection of one hundred and twenty-five thousand dollars ($125,000) with respect to a home that does not declare a homestead exemption with the Registry of Deeds. This automatic protection may be sufficient to protect a deposit made upon the estate; however, it is not likely to be sufficient coverage to protect the full value of your home. In order for homeowners in Massachusetts to protect the value of their property up to five hundred thousand dollars ($500,000) per residence, per family, you must file a document called a "Declaration of Homestead". The form is filed at the Registry of Deeds in the county or district where the property is located, referencing the title/deed to the property.

**Who can file a Homestead protection?**

The owner or owners of a home who occupy or intend to occupy the home as a principal residence may file a homestead protection. A sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder, or holder of a beneficial interest in a trust may all be regarded as owners. With respect to a home owned by joint tenants or tenants by the entirety, the homestead exemption remains whole and unallocated between the owners. If there are more than two (2) joint tenant owners, there is ability to add an additional two hundred and fifty thousand dollars ($250,000) to the exemption amount for additional joint tenants in certain cases. With respect to a home owned by multiple owners as either tenants in common or as trust beneficiaries, the homestead exemption shall be distributed among the owners in proportion to each of their ownership interests. Manufactured or mobile home owners are also eligible to declare homestead protection under the provisions of the new statute.

**My home is held in trust, am I entitled to a Homestead protection?**

Yes, effective March 16, 2011, a holder of a beneficial interest in trust is considered an "owner," eligible for an estate of homestead. If your home is owned in trust, only the trustee shall execute a declaration of homestead on behalf of the trust's beneficiaries. The trust declaration and or trustee certificates may also need to be recorded at the Registry of Deeds. In the declaration of homestead, the trustee must identify each of the beneficiaries to the trust that occupy or intend to occupy the premises as their principal residence. The spouses, if any, of any resident beneficiary must also be identified and each must state whether they also occupy or intend to occupy the premises as their principal residence.

**Where do I file my Homestead?**

Each homestead must be filed in the county or district Registry of Deeds in which the residence is located. To acquire a homestead for a mobile home, also referred to as a manufactured home, you must file at the Registry of Deeds in which the mobile home is located. The Registry of Deeds must file your manufactured home declaration even though you do not have a deed on record.

Homestead forms may be obtained at www.sec.state.ma.us/rod and most Registries of Deeds. Links to your county or district's website are also available. Forms are also available at legal stationery stores or your local attorney's office. Be sure the form is filled out completely and has been properly notarized, and remember to enclose a check for the thirty five dollar ($35.00) recording fee when sending in your completed form. Checks should be made payable to the Commonwealth of Massachusetts.

**How am I protected?**

The real property or manufactured home which serves as an individual's principal residence upon filing a declaration of homestead shall be protected. A principal residence is considered to be the primary

dwelling where an owner, and their family if applicable, reside or intend to reside. The declared estate of homestead shall protect against attachment, seizure, execution on judgment, levy or sale for the payment of debts to the extent of five hundred thousand dollars ($500,000) per residence, per family.

The declaration of homestead shall benefit each owner named on the homestead and each of the owner's family members who occupy or intend to occupy the home as their primary residence. Each family member shall have the right to use, occupy and enjoy the home. The new law provides additional protections to spouses that are not listed as owners in their principal residences. For example, protection extends automatically to a new spouse where an unmarried person declared a homestead and later marries. Also, divorcing spouses are protected against the loss of homestead through termination or divorce. Neither divorce nor remarriage will affect the homestead of the spouse who still primarily resides in the home.

**How am I protected if I am 62 or older, or disabled?**

The real property or manufactured home of persons sixty-two (62) years of age or older or of a disabled person, regardless of age, shall be protected against attachment, seizure, execution on judgment, levy or sale for the payment of debts.

Real property or manufactured homes must serve as an individual's principal residence and each individual filing as either elderly or disabled will be eligible for protection up to a maximum amount of five hundred thousand dollars ($500,000) regardless of whether such declaration is filed individually or jointly with one another. Elderly persons, regardless of marital status, will be personally exempt up to five hundred thousand dollars ($500,000) each. If two (2) owners qualify for the elderly or disabled homestead protection, the aggregate protection on the home shall be one million dollars ($1,000,000).

Take note, each elderly or disabled homestead protection shall terminate upon the person's death. If there are multiple owners and

only one qualifies for an elderly or disabled homestead protection, it may be advisable to file one homestead declaration per owner in order to protect the family's right to use, occupy and enjoy the home. Additionally, if there are dependent minor children, under the age of 21, living with all elderly or disabled homeowners, you may wish to consult an attorney in order to adequately protect the children's right to use, occupy and enjoy the home. Be sure to use the proper homestead form when you file.

**What does the Homestead law mean by a "disabled person"?**
A disabled person is defined as an individual who has any medically determinable permanent physical or mental impairment that meets the disability requirement of supplemental social security income. In most cases, an individual is considered disabled – for the purpose of this law – if he or she cannot engage in any gainful activity as a result of the physical or mental impairment.

If you are declaring a homestead to benefit a disabled person, either an original or certified copy of the disability award letter issued by the United States Social Security Administration, or a certification letter signed by a licensed physician registered with the Massachusetts Board of Registration in Medicine must be attached to the homestead form. Disabled persons must meet the disability requirements stated in 42 U.S.C. 1382c(a)(3)(A) and 42 U.S.C. 1382c(a)(3)(C) as in effect at the time of recording.

**Are my spouse and children covered, should I pass away?**
Yes. Should the parent who declares the homestead die, the law protects the family's right to use, occupy and enjoy the home. Married persons, regardless of whether they both own the home, unmarried individuals and any minor children under the age of 21 shall all be protected by the homestead. The homestead protection shall continue despite the remarriage of a surviving or former spouse.

Case 17-70045-JAD    Doc 413    Filed 10/03/17    Entered 10/03/17 13:34:33    Desc Main
                    Document      Page 10 of 17

The Homestead Act • 5

**If I am over 62 and my spouse is under 62, should we both file?**

Yes. Pursuant to M.G.L. Chapter 188, Section 2(b), an elderly homestead protection for the individual over the age of 62 is personal to the qualifying individual and will terminate upon the transfer of their ownership interest, subsequent declaration of homestead on another property, abandonment or death. In order to ensure that the homestead protection does not terminate unexpectedly for the spouse that is under the age of 62, one homestead should be filed per owner. This is a noteworthy change under the new law. Under the former statute, filing a new declaration of homestead voided any earlier homestead which could have opened up a claim period for previous creditors, leaving homeowners unprotected for a period of time. Effective March 16, 2011, a second homestead declaration shall relate back to the first declaration, thereby ensuring that the homeowners maintain their homestead protection.

When your spouse turns 62 and qualifies for an elderly homestead protection, you may also consider filing another elderly homestead on their behalf. If and when you and your spouse both qualify as elderly, you may aggregate each personal five hundred thousand dollar ($500,000) protection to one million dollar ($1,000,000). In all cases, you may want to consult an attorney to take any personal matters into consideration.

**Will my Homestead declaration protect my home from being taken if I go into a nursing home?**

Liens imposed by the Massachusetts Department of Transitional Assistance (formerly Public Welfare), as a result of the payment of Medicaid benefits, are exempt from the homestead protection. However, as of the printing of this pamphlet, as long as the recipient, or the spouse of the recipient, is alive, the Commonwealth will not look to the residence for reimbursement of Medicaid benefits. If the surviving spouse is also the recipient of Medicaid benefits, the Commonwealth will file a claim for reimbursement from the estate

for the entire amount of Medicaid benefits paid, once the surviving recipient has died. The rules and regulations regarding Medicaid are complicated and constantly changing. You should consult an attorney to address your specific concerns regarding Medicaid.

**Is there anything I will not be protected from?**
The following are exempt from the homestead law:

- a sale for federal, state and local taxes, assessments, claims, and liens;

- a mortgage on the home;

- an execution issued from the Probate Court to enforce its judgment that a spouse pay for the support of a spouse, former spouse or minor children;

- where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot where they stand;

- upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity;

- a lien on the home recorded prior to the creation of the homestead.

**What happens to my Homestead if I should re-mortgage or take out a second mortgage or home equity loan?**
An estate of homestead shall be automatically subordinate to a mortgage on the home that is executed by all of the home's owners. For homeowners that have previously executed a mortgage that included a waiver of the homestead protection, the new law applies to the existing homestead. This "waiver" shall be treated as a subordination and the previously recorded homestead shall be in full force and effect. As a result, there is no immediate need to file a new homestead declaration after you refinance, take out a second mortgage or a home

equity loan. Although it is not necessary, it may be advisable in certain circumstances. Under the new law, you can file a new declaration without injury because the subsequent declaration shall relate back to the previous declaration.

Where there are multiple owners, if a mortgage is executed by fewer than all of the owners it shall still be subject to the estate of homestead and shall be considered superior only to the homestead estate of those owners who are parties to the new mortgage, their spouses and minor children, if any. The homestead protections of those owners who were not parties to the new mortgage shall remain intact.

**If I divide my time equally between my winter and summer residences, can I declare a Homestead on both?**

No. A homestead can be declared only on an applicant's "principal residence". A person can have more than one residence but the statute only allows the protection on one's primary dwelling. There is no legislative intent to allow the exemption to apply to a vacation home that is not principal residence. For example, a husband cannot declare a homestead exemption on one residence while his wife declares the exemption on another family residence, unless each can prove that the residence is their principal residence. If a homestead declaration is filed for a vacation home and it is not your principal residence or you do not intend to reside in it as your primary dwelling, no protections shall apply. Also, the subsequent homestead on the vacation home shall terminate a prior homestead on an actual principal residence.

**Does the Homestead protection take the place of home insurance?**

Absolutely not! The homestead protection is not a substitute for home insurance or any other type of liability insurance. These are separate and distinct types of protection. The homestead protection will be effective after any liability insurance is used to pay for any judgments that are related to liability incurred under that particular insurance policy (e.g. home, automobile, etc.).

**What if my home is sold or damaged?**
If the home is sold, the sale proceeds shall be protected by the homestead for one (1) year after the date of the sale or on the date when a new home is purchased with the proceeds, which ever is earlier. If the home is damaged by a fire, for example, the insurance proceeds are protected for two (2) years after the date of the fire or on the date when the home is reconstructed or a new home is purchased, which ever is earlier. Pursuant to M.G.L. Chapter 188, Section 11(b), temporary occupation of a trailer, manufactured home or other temporary housing shall not be considered a principal residency during the reconstruction or replacement of the home. Proceeds do not need to be kept in an escrow account in order to be afforded a homestead protection, although, it is advisable to consult with an attorney as escrow may provide other advantages. Any excess proceeds shall lose their homestead protection after reconstruction or when a new home is purchased.

**How does the Homestead declaration help protect a home against unsecured creditors in bankruptcy proceedings?**
Remember that the homestead declaration protects a homeowner from unsecured creditors and certain other debts or attachments. It will not offer protection from first or second mortgage lenders and/or equity lenders who possess a security interest in a home. If payments are not current on these types of secured credit, a homeowner runs the risk of losing the home to foreclosure proceedings.

In a Chapter 7 bankruptcy, or asset liquidation proceeding, a homeowner is allowed to claim certain exemptions which function as asset protection allowances. If a homestead declaration is in place, and the state homestead exemptions are claimed, a homeowner would be allowed to retain a much greater portion of the proceeds from a liquidations sale of the home than s/he would be allowed to keep under federal bankruptcy law exemptions. This factor in turn decreases, or perhaps even eliminates, the possibility that the homeowner would be required to sell his/her home as part of Chapter 7 proceedings.

In all Chapter 13 bankruptcy proceedings, the court will require a homeowner to repay some or all of the unsecured debt over a three- to five-year period. You will be required to repay a percentage of that debt at least equal to that which the unsecured creditors would receive were a homeowner required to proceed under Chapter 7 liquidation regulations. By increasing the amount of the home's exemption, the homestead declaration decreases the proceeds which would become available for repaying unsecured creditors through the Chapter 7 alternative. This may decrease the percentage of the unsecured debt the homeowner would be required to repay through a Chapter 13 proposal.

**Where can additional information be obtained about bankruptcy issues as they apply to Homestead protection?**
This information can be discussed with qualified counselors from the Consumer Credit Counseling Service, a private non-profit agency with chapters nationwide. In Massachusetts, contact the Consumer Credit Counseling Service of Southern New England (CCCS/SNE) at: (800) 208-2227. CCCS/SNE is a part of Money Management International and makes up the largest non profit, full service credit counseling agency in the United States. Since 1958, they have helped consumers find the tools and solutions they need to achieve financial independence. You can also visit their website at: www.moneymanagement.org.

**Is the Homestead form difficult to understand and fill out?**
No. It simply asks for basic information. If your home is held in trust, the trustee(s) must fill out the form entitled "Declaration of Homestead for Homes Owned by Trustee(s)." For all other owners, or natural persons, please fill out the form entitled "Declaration of Homestead for Homes Owned by Natural Persons." Be careful when writing the book and page number or certificate of title number of your deed or title. If you need assistance locating your deed to determine this information, please contact the Registry of Deeds. We are here to serve you.

**Can my Homestead be terminated?**

Yes, the estate of homestead may be terminated by any of the following methods:

- if the home is conveyed by deed to a non-family member and the deed is signed by the owner and if applicable, a non-owner spouse or former spouse residing in the home as a principal residence at the time the deed is drafted;

- a recorded release of the homestead is signed and acknowledged by the owner and if applicable, a non-owner spouse or former spouse residing in the home at the time of the release;

- abandonment of the home as a principal residence by the owner, owner's spouse, former spouse or minor children, only as they apply to rights of the persons who abandoned the home. Military service shall not be considered abandonment;

- if the deed is held in trust, either the trustee or a beneficial owner identified in the homestead declaration records a termination on the property held in trust.; or

- if a subsequent homestead declaration is made on another home, such as a vacation home, it shall terminate a prior homestead on an actual principal residence.

Please note, there are a number of transfers that do not terminate an already declared homestead. Any transfer of the property between spouses, former spouses, co-owners, a trustee and a beneficiary or a life tenant and a remainderman will not terminate a previously declared homestead. Also, if a conveyance or release is made without the signature and acknowledgement of a non-owner spouse or former spouse who is residing in the home at the time the principal residence is conveyed or released by an owner, it shall not affect the homestead of the spouse who failed to sign.

**What is the filing fee?**

The cost of filing the Declaration of Homestead is thirty five dollars ($35.00). Checks should be made payable to the Commonwealth of Massachusetts. Each owner, whether or not they qualify for an elderly or disabled exemption, must sign and acknowledge the document under the penalties of perjury before a notary public. If the home is owned by two spouses, the declaration must be executed by both spouses. If the home is owned by one spouse independently, only that spouse needs to sign the declaration, however, they must declare their spouse and state the spouse's name. If there is more than one owner, given that the tenancy may change, it may be advisable to file a separate declaration for each tenant. You may wish to consult an attorney if you have numerous owners.

**How can I tell if my real property is recorded or registered land?**

In the large majority of cases your real property is recorded land. Your evidence of title will be a quitclaim deed that has a book and page number assigned by the Registry of Deeds.

If your property is registered land, you will have a certificate of title number perhaps in addition to a land registration office book and page. Instead of a quitclaim deed, you may have received a certified copy of your certificate of title. Prior to April 9, 1997, a large document called an owner's duplicate certificate of title was issued instead. If you are not sure whether your real property is recorded or registered, contact the Registry of Deeds.

*Chapter 395 of the Acts of 2010 states that all existing estates of homestead in effect on the effective date of this Act, March 16, 2011, shall continue in full force and effect notwithstanding the repeal of any law under which they were created. Additionally, all existing estates of homestead shall now be governed by this new statute even though the execution of each does not comply with the new M.G.L. Chapter 188, Section 5.*



William Francis Galvin
Secretary of the Commonwealth
Citizen Information Service
One Ashburton Place, Room 1611
Boston, MA 02108