**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Case No. 17-70045-JAD |
|    Michael David Scott, | : | |
| | : | Chapter 7 |
|    Debtor | : | |

*****************************************************************************

| | | |
|---|---|---|
| James R. Walsh, Esquire, | : | |
| Trustee of the Bankruptcy | : | |
| Estate of Michael David Scott, | : | Doc. No. |
| | : | Related to Doc. No. 316 |
|    Movant | : | |
| | : | Hearing Date & Time: |
| v. | : | December 15, 2017 at 10:00 a.m. |
| | : | |
| Michael David Scott, | : | |
| | : | |
|    Respondent | : | |

*****************************************************************************

**CHAPTER 7 TRUSTEE'S BRIEF IN SUPPORT OF THE TRUSTEE'S OBJECTION TO**
<u>**THE DEBTOR'S CLAIMED AMENDED EXEMPTIONS**</u>

1

# TABLE OF CONTENTS

|     |     | Page Number |
| --- | --- | --- |
| **I.** | **PLEADINGS** | 3 |
| **II.** | **DESCRIPTION OF MOTION** | 5 |
| **III.** | **FACTS** | 6 |
| **IV.** | **ISSUES** | 8 |
| **V.** | **POINTS AND AUTHORITIES** | 11 |
|     | **a.** Applicable Standard | 11 |
|     | **b.** Discussion | 11 |
|     | **c.** Conclusion | 16 |
| **VI.** | **TABLE OF AUTHORITIES CITED** | 18 |

COMES NOW James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of Michael David Scott ("Trustee"), by and through his counsel, Spence, Custer, Saylor, Wolfe & Rose, LLC, and files the within Chapter 7 Trustee's Brief in Support of the Trustee's Objection to the Debtor's Claimed Amended Exemptions, and avers as follows:

### I. PLEADINGS

This litigation involves the Trustee's Objection to the Debtor's Claimed Amended Exemptions Filed on June 28, 2017 at Docket Number 270 ("Amended Objection") (Doc. No. 316); the Debtor's Response to Chapter 7 Objection to the Debtor's Claimed Exemptions and Amended Bankruptcy and Motion to Dismiss Fed. R. Civ. P. 12(b)(6) Fed. R. Bankr. P. 7012(b) ("Response") on August 28, 2017 (Dkt. No. 369); and a Supplemental Filing in Response to Trustee's Objection to the Debtor's Exemption ("Supplemental Filing") on October 3, 2017 (Dkt. No. 413). The Amended Objection was filed pursuant to 11 U.S.C. § 522(b) and in accordance with the mandates of the United States Supreme Court as annunciated in *Taylor v. Freeland and Kronz*, 503 U.S. 638 (1992), which provides that if the Trustee or other party in interest does not object to the exemptions within thirty (30) days of the 341 hearing, or in the case of an amendment, within thirty (30) days of the filing of an amendment, the exemption becomes "absolute," despite the fact that the asset may have been inappropriately exempted.

The Amended Objection, the Debtor's Response, and Supplemental Filing, along with the colloquy at the hearing on the same held on October 5, 2017, gave rise to three

(3) separate and distinct issues that the Court requested be addressed by the parties in the form of a brief and reply brief.

## II. DESCRIPTION OF THE MOTION/OBJECTION

On June 28, 2017 at Docket Number 270, the Debtor caused to be filed amended Schedules A and C. After review of the same, on July 18, 2017, the Trustee filed his Amended. In his originally filed and in his amended Schedules, the Debtor disclosed an interest in three (3) parcels of real estate, all located within the Commonwealth of Massachusetts. As set forth in the Amended Objection, the Trustee objected to and seeks a determination by this Court that the Debtor may not exempt two of the parcels of real property using the exemptions found in Massachusetts's Homestead Act (Mass. Gen. Laws ch. 188 §§ 1-10). Further, the Trustee objected to the Debtor's attempt to claim an exemption in the third property as the Debtor provided inconsistent evidence to support his assertion that the property in question was owned jointly by he and his wife as tenants by the entireties and therefore exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(b)(3).

III.    **FACTS**

The Debtor filed a voluntary petition for relief pursuant to the provisions of Chapter 7 of Title 11 of the U.S. Code, 11 U.S.C. § 101, et seq., on January 25, 2017.

The Debtor is an adult individual with a last known mailing address of 772 Saint Joseph Street, c/o FCI Loretto, Loretto, PA 15904.  The Debtor is representing himself *pro se*.

The Movant was appointed as Interim Chapter 7 Trustee of the bankruptcy estate pursuant to § 701 of the Bankruptcy Code.  Said Trustee conducted the Meeting of Creditors and serves as Trustee pursuant to § 702(d) of the Code.  The Trustee adjourned the meeting of creditors until such time as the Debtor provided the documents/information requested by the Trustee at the meeting.

As to the exemptions permitted under § 522(b) of the Bankruptcy Code, the Debtor elected to use the exemptions provided for under § 522(b)(3) of the Bankruptcy Code.  On his originally filed Schedule A, the Debtor disclosed an interest in real property identified at "40 Old Stable Dr., Mansfield, MA 20248" (the "Stable Drive Property"), jointly owned as tenancy by the entireties and valued the same at $764,490.00.  On his most recently amended Schedule C, the Debtor claimed an exemption in the Stable Drive Property in the amount of $500,000.00 pursuant to Mass. Gen. Laws ch. 188 § 3 further identifying the exemption as "Mass Homestead[.]"  The Debtor, through pleadings and representations made on the record at various hearings throughout the case, indicated that the Stable Drive Property was, as of the filing of the petition for relief, and remains his primary residence/domicile.

6

On his originally filed Schedule A, the Debtor disclosed an interest in real property identified as "8 Tiffany Road, Bourne, MA 02532" (the "Tiffany Road Property") jointly owned as tenancy by the entireties and valued the same at $475,000.00.  On his most recently amended Schedule C, the Debtor claimed an exemption in the Tiffany Road Property for "100% of the fair market value up to any statutory limit" pursuant to 11 U.S.C. § 522(b)(3) further identifying the exemption as "Tenants by entirety[.]"

On his originally filed Schedule A, the Debtor disclosed an interest in real property identified as "6 Erick Road #52, Mansfield, MA 02068" (the "Erick Road Property") owned solely by the Debtor and valued the same at $176,045.00.  On his most recently amended Schedule C, the Debtor claimed an exemption in Erick Road Property in the amount of $125,000.00 pursuant to Mass. Gen. Laws ch. 188 § 3 and in the amount of $500,000.00 pursuant to § 1A further identifying this exemption as "elderly, disabled[.]"[1]   In his Response to the Amended Objection, the Debtor averred that his elderly mother resides at the Erick Road Property. (Response ¶15).  The Debtor, in a colloquy with the Court at the hearing on the Amended Objection stated that he never resided in the Erick Road Property and never intended the Erick Road Property to be his residence as the Debtor's primary residence was the Stable Drive Property.

---

[1] The Debtor's amended Schedule C is unclear as to the dollar amounts claimed for each exemption asserted. Counsel presumes, based on the order in which the dollar amounts are listed and the claimed exemptions are listed, that the dollar amounts associated with the specific exemptions above accurately reflect what the Debtor intended.

7

**IV.    ISSUES**

a. Whether the Debtor is entitled to claim a homestead exemption in the amount of $500,000 in the Stable Drive Property, the Debtor's residence and domicile, pursuant to Mass. Gen. Laws ch. 188 § 3 when the Debtor failed to file or cause to be filed a Declaration of Homestead Exemption pursuant to Mass. Gen. Laws ch. 188 § 3 as a result of his, and his spouse's, failure to comply with the requirements and technical mandates of Mass. Gen. Laws 188 § 5 which outlines the technical requirements necessary to effectuate the homestead exemption and benefit from the same?

SUGGESTED ANSWER: The Debtor is entitled to claim an exemption in the Stable Drive Property pursuant to Mass. Gen. Laws ch. 188 §3 as a result of provisions contained within the statute which was enacted and became effective on or about March 16, 2011,which "grandfathered" in the Debtor's spouse's filing of the Declaration of Homestead, and the Debtor's ability to assert the same, notwithstanding the fact that neither the Debtor nor his spouse complied with the updated requirements necessary to effectuate a valid claim of the homestead exemption.

b. Whether the Debtor is entitled to exempt the Tiffany Road Property from property of the bankruptcy estate pursuant to 11 U.S.C. §522(b)(3) on the premise that the Tiffany Road Property is owned by the Debtor and

his non-filing spouse as tenants by the entireties notwithstanding the Debtor submitting a true and correct copy of a deed to the Tiffany Road Property which evidences ownership of the property solely by the Debtor.

SUGGESTED ANSWER: Notwithstanding the Debtor filing of record two (2) different deeds to the Tiffany Road Property, one deed filed on December 12, 2005 as an exhibit to the Debtor's Motion to Avoid Lien which purports to evidence that the Tiffany Road Property is owned solely by the Debtor and a second deed filed as an exhibit to the Debtor's Response which purports to support the Debtor's assertion that the Tiffany Road Property is owned jointly by him and his spouse as tenants by the entireties, the Debtor is entitled to the claimed exemption as an independent search of the indices of the Barnstable County Registry of Deeds.

c. Whether the Debtor is estopped from claiming an exemption in the Erick Road Property pursuant to Mass. Gen. Laws ch. 188 § 2 when the Debtor is neither an elderly or disabled person nor residing at the property with the intent to occupy the home as his principal residence as required by the express provisions of Mass. Gen. Laws ch. 188 § 2?

SUGGESTED ANSWER: The Debtor cannot claim an exemption in the Erick Road Property pursuant to Mass. Gen. Laws ch. 188 § 2. In order to claim a homestead exemption in real property pursuant to Mass. Gen.

Laws ch. 188 §2, the Debtor must, *inter alia*, be disabled or elderly. Pursuant to Mass. Gen. Laws ch. 188 § 1, the Debtor fails to qualify as either a "disabled person" or an "elderly person" as those terms are defined. Additionally, because the Debtor does not reside at the Erick Road Property and has no intention of doing so, the Erick Road Property cannot qualify as the Debtor's principal residence and as such, the Debtor is precluded from claiming an exemption in the Erick Road Property pursuant to Mass. Gen. Laws 188 §2.

### V. POINTS AND AUTHORITIES

a. Applicable Standard

Pursuant to Rule 4003(c), the Trustee must prove, by a preponderance of the evidence, that the Debtor has failed to properly claim an exemption. *See* In re LeClair, 461 B.R. 86, 89 (Bankr. D. Mass. 2011) (citing Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999), and In re Gonsalves, 2010 Bankr. LEXIS 4683, *14 (Bankr. D. Mass. 2010)).

b. Discussion

First, as it relates to the exemption claimed by the Debtor in his residence, the Stable Drive Property, the Court instructed the parties to address the Debtor's assertion of the Declaration of Homestead exemption pursuant to Mass. Gen. Laws ch. 188 § 3. Upon further research of Massachusetts law, the Trustee hereby withdraws his objection to the Debtor's claimed exemption in the Stable Drive Property pursuant to Mass. Gen. Laws Ch. 188 § 3. In his Supplemental Filing submitted to the Court a mere two days prior to the hearing on the Amended Objection, the Debtor submitted to the Court a brochure on The Homestead Act (Mass. Gen. Laws ch. 188 § 1-10) which disclosed information advising that, notwithstanding the enactment of new and updated legislation related to homestead exemptions, Massachusetts law would continue to recognize estates of homestead that were in existence prior to March 16, 2011, even if those estates were not executed in accordance with the formalities set forth in the new Mass. Gen. Laws ch. 188 § 5. The Trustee, through counsel, has duly researched and investigated this matter and upon confirming the same, the Trustee hereby withdraws his objection to the Debtor's claimed exemption for the Stable Drive Property pursuant

to Mass. Gen. Laws. 188 §3. The non-filing spouse's act of filing a Declaration of Homestead is valid as to the Debtor under the legislation in effect at the time the declaration was asserted. The Debtor is entitled to assert the exemption.

The second issue raised by the Court pertains to the Debtor's reliance on 11 U.S.C. § 522(b)(3) to exempt the Debtor's interest in the Tiffany Road Property as being owned by the Debtor and his spouse as tenants by the entireties. After receiving additional information from the Debtor and independently verifying the Debtor's asserted ownership interest in the Tiffany Road Property through an examination of the indices of the Barnstable County Registry of Deeds, the Trustee has verified that the Debtor and the Debtor's wife own the Tiffany Road Property as tenants by the entirety, notwithstanding earlier filings by the Debtor in the instant case wherein he filed of record a deed to the Tiffany Road Property which indicated that the Debtor was the sole owner of the property. In light of the Tiffany Road Property being owned jointly by the Debtor and his spouse, it appears that the use of the exemption available to the Debtor pursuant to 11 U.S.C. § 522(b)(3) is appropriate. As a result, the Trustee hereby withdraws his objection to the claimed exemption of the Tiffany Road Property pursuant to 11 U.S.C. §522(b)(3).

The third issue the Court instructed the parties to brief was the Debtor's attempt to assert an exemption in a third parcel of real property under Mass. Gen. Laws ch. 188 § 2 that is not the Debtor's residence and/or domicile. The Trustee's Amended Objection involves the Debtor's attempt to claim an exemption in the Erick Road Property pursuant to Mass. Gen. Laws ch. 188 § 2. After relying on the Declaration of Homestead exemption under Mass. Gen. Laws ch. 188 § 3 and the 11 U.S.C. §

522(b)(3) exemption for two separate pieces of property, the Debtor is now attempting to protect a third parcel of real estate, the Erick Road Property, by relying on the Mass. Gen. Laws ch. § 2 homestead exemption available only for elderly or disabled persons. Although, according to the Debtor's representations on the record as well as pleadings filed of record, the Debtor's elderly mother resides in the Erick Road Property, the Debtor is neither elderly nor disabled, as those terms are defined in Mass. Gen. Laws ch. 188 § 1, and as such fails to meet to requirements of Mass. Gen. Laws ch. 188 § 2 and therefore should be prevented from claiming this property as exempt. Furthermore, the Debtor is permitted to claim a homestead exemption in only one property under Massachusetts and by virtue of claiming the homestead exemption in the Stable Road Property, the Debtor is precluded from claiming a homestead exemption in the Erick Road Property.

Mass. Gen. Laws ch. 188 § 2 provides as pertinent:

> (a) the estate of homestead of each owner who is an elderly or disabled person … shall be protected under this section against attachment, seizure, execution on judgment, levy and sale for payment of debts and legacies … provided, further, that each owner occupies or intends to occupy the home as his principal residence.

Mass. Gen. Laws ch. 188 §1 defines "[e]lderly person" as "an individual 62 years of age or older." "Disabled person" is defined as "an individual who has a medically-determinable, permanent physical or mental impairment that would meet the disability requirements for Supplemental Security Income under 42 U.S.C. § 1382(c)(a)(3)(A) and 42 U.S.C. § 1382(c)(a)(C) …."

The Debtor first fails to qualify for the Mass. Gen. Laws ch. 188 § 2 exemption because he is neither elderly nor disabled. To be eligible for the homestead exemption

for elderly or disabled persons pursuant to § 2, the owner of the homestead must satisfy the definition of being either an elderly or disabled person. Upon questioning by the Court at the hearing on the Amended Objection, the Debtor represented that he is under the age of 62 and that he does not suffer from a disability that would satisfy the standards of Mass. Gen. Laws ch. 188 § 2.

Second, the Debtor also fails to qualify for the Mass. Gen. Laws ch. 188 § 2 exemption because the Erick Road Property is not his principal residence. To qualify for the exemption, the elderly or disabled owner must "occup[y] the home as his principal residence." Mass. Gen. Laws ch. 188 § 2(a). "Principal residence" is defined as "the home where an owner, and the owner's family, if applicable, resides or intends to reside as the primary dwelling; provided, however, that no person shall hold concurrent rights in more than 1 principal residence." Mass. Gen. Laws ch. 188 § 1. Because the Debtor has previously testified that his principal residence was the Stable Drive Property and, claimed a homestead exemption in that property he cannot now claim that a second property, the Erick Road Property, is his principal residence. Moreover, the Debtor has never claimed to reside at the Erick Road Property, nor has he expressed any intention of residing there in the future. *See* Response to Chapter 7. The Bankruptcy Court for the District of Massachusetts in the matter of In re Jean addressed a similar attempt by a debtor to assert a homestead exemption in two properties holding that the Debtor's actual occupancy or intent to occupy a property as his principal residence governs. In Jean, the Debtor held an ownership interest in two properties identified by the Court as the Malden Property and the Everett Property. The debtor's residence was the Malden Property and the Everett Property was a second

14

parcel of real estate owned by the debtor. The Court in Jean found that the debtor never intended to reside in the Malden Property. "Accordingly, pursuant to Mass. Gen. Laws ch 3(a) ("An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy *or intend to occupy* the home as a principal residence (emphasis supplied)), his [the debtor's] Declaration of Homestead with respect to the Malden Property was invalid as he never intended to occupy the Malden Property." In re Jean, No. 17-10809-JNF, 2017 Bankr. LEXIS 2368, 9 (Bankr. D. Mass. Aug. 23, 2017) (citing In re Zakarian, 570 B.R. 680, 682 (Bankr. D. Mass. 2017)).

Similar to In re: Milord Jean, the Debtor in the instant case owns multiple parcels of real estate and, asserted a homestead exemption in two of those properties. Similarly, the Debtor has asserted that one property, the Stable Drive Property, was his residence and asserted a homestead exemption in the same. Similarly, the Debtor indicated on the record that he never resided in the Erick Road Property nor did he intend to reside there, as it was a home in which his mother resided. For all of these reasons, the Debtor is not entitled to claim a homestead exemption in the Erick Road Property.

In his Response to Chapter 7, the Debtor relies on the fact that his mother, whom the Debtor claims is 89 years of age, has allegedly resided at the Erick Road Property since 2005. Response to Chapter 7. However, the age of the Debtor's mother is of no consequence because the § 2 exemption applies only when the owner, not a family member of the owner, qualifies as either elderly or disabled. *See* Mass. Gen. Laws ch.

15

188 § 5(b)(1) (requiring that a § 2 exemption be accompanied by "a statement that the owner to be benefited is an elderly person or a disabled person").

### c. Conclusion

The Trustee, after independently verifying the information provided by the Debtor in the Debtor's Response and Supplemental Filing, the Trustee hereby withdraws his objections to the Debtor's claimed exemption in the Stable Drive Property pursuant to Mass. Gen. Laws ch. 188 § 3 and the Debtor's claimed exemption in the Tiffany Road Property pursuant to 11 U.S.C. § 522(b)(3) as it is in the best interest of the parties involved. The Debtor should, however, be precluded from asserting an exemption in the Erick Road Property pursuant to Mass. Gen. Laws ch. 188 § 2, an exemption that is available only for elderly and disabled owners of real property that the elderly or disabled person deems his or her principal residence. The Trustee asserts that, because the Debtor has failed to provide any evidence that he could satisfy the requirements of Mass. Gen. Laws ch. 188 §2 and, to the contrary, the evidence shows that the Debtor is neither elderly or disabled, as that term is defined in Mass. Gen. Laws ch. 188 §1, nor does the Debtor reside or intend to reside in the Erick Road Property as his principal residence, and in fact the Debtor has averred that the Stable Drive Property is his primary residence and claimed a homestead exemption in the same, the Trustee has shown by a preponderance of the evidence that the Debtor has failed to properly claim and is not entitled to claim an exemption in the Erick Road Property under Mass. Gen. Laws ch. 188 § 2. *See* In re LeClair, 461 B.R. 86, 89 (Bankr. D. Mass. 2011) (citing Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999), and In re Gonsalves, 2010 Bankr. LEXIS 4683, *14 (Bankr. D. Mass. 2010)). As a result, the

Debtor's claimed exemption in the Erick Road Property should be denied and, the Erick Road Property should be deemed property of the bankruptcy estate.

**WHEREFORE**, the Movant, James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of Michael David Scott, respectfully requests that this Honorable Court enter an Order denying as withdrawn the Trustee's objections to the Debtor's claimed amended exemptions in the Stable Drive Property and the Tiffany Road Property; and, enter an Order sustaining the Trustee's objection to the Debtor's claimed amended exemption in the Erick Road Property and the Debtor's erroneous attempt to rely on the exemption under Mass. Gen. Laws ch. 188 § 2 available to only elderly and disabled persons.

Dated: November 22, 2017

Respectfully Submitted,

Spence, Custer, Saylor, Wolfe & Rose, LLC

By: /s/ *Kevin J. Petak*,
James R. Walsh, Esquire
PA ID # 27901
Kevin J. Petak, Esquire
PA ID # 92154
1067 Menoher Boulevard
Johnstown, PA 15905
Tel: 814.536.0735
Fax: 814.539.1423
Email: kpetak@spencecuster.com
*Counsel to Trustee/Movant*

**VI.    TABLE OF AUTHORITIES CITED**

   **a. Cases**

In re Jean, No. 17-10809-JNF, 2017 Bankr. LEXIS 2368 (Bankr. D. Mass. Aug. 23, 2017)………………..……………………………..14-15

In re LeClair, 461 B.R. 86 (Bankr. D. Mass. 2011)…………….....11, 16

Taylor v. Freeland and Kronz, 503 U.S. 638 (1992)……………....…..3

   **b. Statutes**

Massachusetts's Homestead Act (Mass. Gen. Laws ch. 188 §§ 1-10)...……………………………………………………………………….5-17

   **c. Codes**

11 U.S.C.§ 522……………………………………………..3, 5-8, 12-13, 16