UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA


In re: Michael David Scott

Chapter 7

    Debtor                                   17-70045-JAD


James R. Walsh, Esquire              Related to Doc #316

Trustee of the Bankruptcy Estate

Of Michael David Scott

    Movant


V.


Michael David Scott

    Respondent


Response To Trustee's Objection To The Debtor's

Exemption At 6 Erick Road #52

Mansfield MA 02048


    Now comes the Debtor, Michael D. Scott, responding to the Trustee's objection to the Debtor's exemption on a parcel of real estate he owns at 6 Erick Road #52 Mansfield MA 02048.

    This boils down to simplicity, on October 5, 2017, the Court

1

held a hearing, and asked the counsel for the Trustee to further brief with respect to the Erick Road property, whether an automatic homestead of $125,000 exists under Mass General Laws Ann. Ch 188 §4, and whether Mr. Scott's mother qualifies as a family member under Mass. Gen. Laws Ch 188 §1. Indeed the Trustee briefed solely as to whether Mr. Scott could claim the elderly disabled exemption, Mass General Laws Ch. 188 §2(a), which does not answer the Court's question.

The requested answer is necessary to determine whether an automatic homestead exist(s) at the 6 Erick Road property #52 Mansfield MA 02048, in the amount of $125,000. The answer is yes.

### Facts/Argument

The word "family" includes either a <u>parent</u> and child or children, a husband and wife and their children, if any, or a sole owner. Mass Gen. Laws Ch. 188 §1. See <u>Garran v. Citizens Bank</u> (<u>In Re: Garran</u>) 280. B.R. 299 (D. Mass. 2002).

Mass Gen. Laws Ch. 188 §4 provides that in the absence of a valid declaration of homestead under this chapter, an estate of homestead to the extent of the automatic homestead exemption shall exist in a home for the benefit of the owner and "the owner's <u>family members who occupy</u> or intend to occupy the home as a principal residence. See <u>In Re: Jean</u> LEXIS 2386 (D. Mass 2017).

There is no doubt or ambiguity that Mr. Scott's elderly

mother resides in the property and occupied the property as her primary residence prior to the time that Mr. Scott filed his chapter 7 petition. "Any doubts as to the extent of the homestead must be resolved in favor of the debtor in order to comport with the public policy as explicated by the Massachusetts Supreme Judicial Court." In Re: Jean citing In Re: Vaghini 549 B.R. 546, 549 (Bankr. D. Mass 2016) citing Dwyer v. Campellina 673 N. E. 2d 863, 866, 424 Mass 26 (1996). Also see In Re: Hye Goulakos 456 B.R. 729 (D. Mass 2011) holding "the debtor's claimed exemption was valid under the clear language Mass Gen. Laws Ch. 188 §1 only one owner could argue homestead for himself and his family...as the spouse, the debtor was a qualified family member under Mass Gen. Laws Ch. 188 §1 and it was of no consequence she did not reside in the property when the homestead declaration was filed...even the unequivocal abandonment of the property by the debtor could not unilaterally terminate the homestead estate and the debtor's right to the protection afforded by it."

The Trustee relies on In Re: Jean id, but that case does not help the Trustee, the rights of the Debtor's biological children were unaffected and then the debtor was allowed to claim an automatic exemption of $125,000 because his children ("family") resided in the property...debtor avers that his elderly mother resided in the property, and she is family as defined by the statute.

3

## Waiver

Because the Trustee has failed to address the specific issue like the court requested "as to whether Mr. Scott as the sole owner of 6 Erick Road #52 Mansfield MA 02048 could claim an automatic exemption of $125,000 for the benefit of his family Mass Gen. Laws Ch. 188 §1 and 4. The Trustee has not properly defended the claim and the court must overrule the Trustee's objection.

## Trustee's Claim Is Troubling

It strains credulity that the Trustee in good faith is seeking to object to the Debtor's exemption to benefit the estate, because the facts surrounding the encumbrance of the property is apparent. "A trustee should only sell assets that will generate income for the estate. In evaluating whether an asset has equity, the Trustee must determine whether there are valid liens against the assets, and whether the value of the asset exceeds the liens. The Trustee must also consider whether the cost of adminstrating or the consequences of any sale would significantly erode or exhaust the estate's equity inherent in the asset. If the sale of an asset would result in little or no income to the estate for the benefit of creditors the Trustee should abandon it. See In Re: Tobin 202 B.R. 339 (D. R.I. 1996) also stating "Henceforth, trustee's who administer assets primarily for the benefit of

themselves and secured creditors, with little or no return for unsecured creditors, run the risk of being denied all compensation".

### Encumbrances

| | |
|---|---:|
| First Mortgage | 274,496 |
| IRS lien 2006 (expired by statute) | 217,489 |
| IRS lien 2007 | 21,427 |
| IRS lien 2009 | 27,882 |
| Order of restitution 2015 | 11,374,202 |
| Order of restitution 2016 | 265,535 |
| Gross | 12,181,031 |
| Less Expired Liens | (217,489) |
| Net encumbrances | 11,963,542 |
| Fair Market Value of the Property | 176,045 |
| Equity for the Debtor's estate | (11,787,497). |

### Conclusion

Because the Debtor has showed that he is entitled to an exemption of $125,000.00 for the benefit of a family member (his mother) who occupies the 6 Erick Road property as her primary residence and because the bankruptcy trustee has waived any such opposition to his pleadings and find the property is of no value to the estate, the Court must overrule the Trustee's objections and allow Mr. Scott to exempt the property.

Respectfully Submitted;

Michael D. Scott

772 Saint Joseph Street

Loretto PA 15940

December 4, 2017

## Certificate Of Service

I, Michael D. Scott, the Debtor, certify that on December 4, 2017, I have caused to be mailed by First Class Mail, United States Postal Service, a copy of this motion to counsel for the Chapter 7 Trustee, Kevin Petak 1067 Menoher Blvd. Pittsburgh PA.

Respectfully Submitted;

Michael D. Scott

December 4, 2017