UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Michael David Scott

Chapter 7

    Debtor

17-70045-JAD

Michael D. Scott

    Plaintiff

V.

Chapter 7 Trustee

James R. Walsh

## Supplemental Motion Objecting To Trustee Motion To Declare 6 Erick Road #52 Mansfield MA 02048 As Non-Exempt

1 On December 15, 2017, a hearing was held regarding the Debtor's claimed exemption, in his property at 6 Erick Road #52 Mansfield MA 02048. The Debtor's mother has resided in the residence since the Debtor acquired the property in 2005. At which point his mother who was a qualified family member as the statute held at that time, created an automatic homestead in the amount of $125,000.

1

2 The homestead law was revised and approve don December 16, 2010 and chapter 395 section 3 held that "All existing estates of homestead in effect on the effective date of this act shall continue in full force and effect; notwithstanding the repeal of any law under which they were created and shall be governed by this act notwithstanding their failure to comply with the exact requirement of section 5 of chapter 188 of the general laws, as appearing in Section 1 of this act."

3 Constituting the language of retroactivity favorably towards the Debtor, it requires this court to acknowledge that an automatic estate of homestead in the amount of $125,000 existed in the residence at 6 Erick Road #52 Mansfield MA 02048, for Mrs. Scott, a family member as defined by the old language in the statute.

4 The Massachusetts homestead statute confers upon a owner and his family comprehensive protections and benefits. Because homestead laws are designed to benefit the homestead debtor and his or her family by placing the family residence from the claim of creditors. Massachusetts courts have construed the state homestead exemptions liberaly in favor of debtors. See In Re: Hye Goulakos 456 B.R. 729 (D. Mass 2011). And therefore, the Debtor asks this court to do the same.

### Creation Of An Estate Of Homestead

5 Even in the absence of a properly recorded "declared

homestead exemption" Mass Gen. Laws Ch. 188 §4 provides that an estate of homestead to the extent of the automatic homestead shall exist in a home for the benefit of the owner and the owner's family members who occupy or intend to occupy the home as a principle residence. See In Re: Mary J. Noonan 2014 Bankr. LEXIS 167 (D. Mass 2014). Mass Gen Laws Ch 188§1 refers to the homestead exemption as an "estate in homestead".

6  It is undisputed that the Debtor's mother is a family member as described in the old law. See Garran v. Citizens Bank (In Re: Garran) 280 B.R. 299 (D Mass 2002). "The word "family" includes either a parent and child or children, a husband and wife and their children if any, or a sole owner Mass. Gen. Laws Ch. 188 §1.

7  Therefore, the court must sustain the Trustee's objection and allow the Debtor to claim the grandfathered exemption on his property at 6 Erick Road #52 Mansfield MA 02048, where his elderly mother resides.

Respectfully Submitted;

Michael V. Scott

772 Saint Joseph Street

Loretto PA 15940

December 19, 2017

## Certificate Of Service

I Michael D. Scott, certify that I have sent by U.S. Mail a copy of this motion to counsel for the Trustee, Kevin J. Petak 1067 Menhor Boulevard Johnstown PA 15905.

Respectfully Submitted;

Michael D. Scott