**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Case No. 17-70045-JAD |
| Michael David Scott, | : | |
| | : | Chapter 7 |
| Debtor | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| James R. Walsh, Esquire, | : | |
| Trustee of the Bankruptcy | : | |
| Estate of Michael David Scott, | : | Doc. No. |
| | : | Related to Doc. No. 488 |
| Movant | : | |
| | : | Hearing Date & Time: |
| v. | : | January 25, 2018 at 10:00 AM |
| | : | |
| Michael David Scott, | : | |
| | : | |
| Respondent | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY OF CHAPTER 7 TRUSTEE TO SUPPLEMENTAL MOTION OF THE DEBTOR OBJECTING TO TRUSTEE MOTION TO DECLARE 6 ERICK ROAD #52 MANSFIELD MA 02048 AS NON-EXEMPT**

**COMES NOW**, James R. Walsh, Esquire, Chapter 7 Trustee of the Bankruptcy Estate of Michael David Scott ("Trustee"), by and through his undersigned counsel, Spence, Custer, Saylor, Wolfe & Rose, LLC, and files the within Reply to the Debtor's Supplemental Motion Objecting to Trustee Motion to Declare 6 Erick Road #52 Mansfield, MA 02048 as Non-Exempt (the "Reply"), upon a cause whereof, the following is a statement, to wit:

1. The Chapter 7 Trustee filed his Objection to the Debtor's Claimed Amended Exemptions on June 28, 2017 at Docket Number 270. The Debtor filed his Response to Chapter 7 Objection to the Debtor's Claimed Exemptions and Amended Bankruptcy and Motion to Dismiss Fed. R. Civ. P. 12(b)(6) Fed. R. Bankr. P. 7012(b) on August 28,

1

2017 at Docket Number 369.  The Debtor then filed his Supplemental Filing in Response to Trustee's Objection to the Debtor's Exemption on October 3, 2017 at Docket Number 413.  Following a December 15, 2017 hearing regarding the Trustee's Objection to the Debtor's Claimed Amended Exemptions, the Court afforded the Debtor, at the Debtor's request, additional time to address one specific issue raised by the Court. More specifically, whether the Debtor's reliance on the definition of "family" contained in Mass Gen. Laws ch. 188 § 1 arising out of a 2002 case (See *Response To Trustee's Objection to the Debtor's Exemption at 6 Erick Road #52 Mansfield MA 02048*, Dkt. No. 469, Pg. 3 [correct case citation should be 280 B.R. 292] is justified in light of the Massachusetts legislature amending the law as evidenced by the definition of "family" or "family members" pursuant to Mass Gen. Laws ch. 188 § 1, which became effective on March 16, 2011.  In response, the Debtor filed his Supplemental Motion Objecting to Trustee Motion to Declare 6 Erick Road #52 Mansfield MA 02048 As Non-Exempt ("Motion") .

2.  Discussed at length in the above mentioned filings, this Reply also addresses the Debtor's attempt to exempt property located at 6 Erick Road #52, Mansfield, MA 02068 (the "Erick Road Property").  Although the Debtor testified at hearings before this Court that he has never resided at the Erick Road Property, the Debtor attempts to rely on the Mass. Gen. Laws ch. 188 § 2 exemption for owners of property who are elderly or disabled persons to protect the Erick Road Property.

3.  As discussed at the December 15, 2017 hearing pertaining to the Debtor's claimed amended exemptions, the 2010 Amendment to Mass. Gen. Laws ch. 188 § 3 sets forth, "All existing estates of homestead in effect on [March 16, 2011] shall continue

2

in full force and effect […] notwithstanding their failure to comply with the execution requirements of section 5 of chapter 188 of the General Laws […]" ("<u>2010 Amendment</u>"). This "grandfathering" language is limited to estates of homestead that would be valid but for their failure to comply with Mass. Gen. Laws ch. 188 § 5, which provides the procedures for declaring a homestead.

4. It is the Trustee's position that the Debtor's claimed amended exemption for the Erick Road Property does not fail due to its lack of compliance with the formalities of Mass. Gen. Laws ch. 188 § 5. If the Debtor's claimed amended exemption for the Erick Road Property failed solely because of a deviation from the § 5 formalities, which pertain to the declaration of homestead, the 2010 Amendment would serve to grandfather in the exemption, nonetheless. Rather, the Trustee avers that the Debtor's claimed amended exemption for the Erick Road Property should be denied because it fails to comply with the § 2 exemption for property owners who are elderly or disabled. Specifically, the Debtor is neither elderly nor disabled as those terms are defined in § 1 and, as a result, does not qualify for the § 2 exemption for property owners who are elderly or disabled. Additionally, the Debtor advised the Court that he does not occupy or intend to occupy the Erick Road Property as his principal residence. Although the 2010 Amendment cures defects in the formalities of § 5 when a debtor declares a homestead, the 2010 Amendment does not cure defects in the substantive provisions of § 2, such as who may qualify for the § 2 exemption. Because the 2010 Amendment cannot cure (1) that the Debtor is neither elderly nor disabled and (2) that the Debtor does not occupy or intend to occupy the Erick Road Property as his principal residence, the Debtor's attempt to exempt the Erick Road Property should be denied.

3

5. As set forth in his Motion, the Debtor avers that the exemptions also protect an owner's family members. It is the Trustee's position that the Debtor's mother does not qualify as a protected family member pursuant to Mass Gen. Laws ch. 188 § 1. In 2009, the year immediately preceding the 2010 Amendment, family is defined as "either a parent and child or children, a husband and wife and their children, if any, or a sole owner" ("2009 Definition"). Mass. Gen. Laws ch. 188 § 1 (2009). This same definition was in effect in 2005 when the Debtor avers that his mother began residing at the Erick Road Property. The current act defines "family" as "(1) married individuals, both of whom own a home, and any minor child; (2) a married individual who owns a home, a non-titled spouse of the married individual and any minor child; or (3) an unmarried individual who owns a home and any minor child" ("2017 Definition"). Mass. Gen. Laws ch. 188 § 1 (2017). The 2017 Definition does not include the word "parent" in an apparent attempt by the legislature to clarify that parents of the owner are not protected by the exemption. If the legislature wanted to continue the protection for parents, it would have included "parent" in the 2017 Definition. Rather, it is the owner and his/her spouse and children that are protected. As applied to the instant case, the Debtor, his spouse, and children, if any, could seek protection under the exemption. However, because the Debtor's mother falls outside the definition of "family," she is not protected by the exemption. As a result, the fact that the Debtor's mother may have resided at the Erick Road Property since 2005 is irrelevant because neither the Debtor nor the Debtor's mother qualify for the § 2 exemption for property owners who are elderly or disabled persons.

**WHEREFORE**, the Movant, James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of Michael David Scott, respectfully requests that this Honorable Court enter an Order sustaining the Trustee's objection to the Debtor's claimed amended exemption in the Erick Road Property and further, he authorizes his undersigned counsel to file the within pleading on his behalf.

Dated: <u>December 29, 2017</u>

Respectfully Submitted,

Spence, Custer, Saylor, Wolfe & Rose, LLC

By: /s/ *Kevin J. Petak*,
James R. Walsh, Esquire
PA ID # 27901
Kevin J. Petak, Esquire
PA ID # 92154
1067 Menoher Boulevard
Johnstown, PA 15905
Tel: 814.536.0735
Fax: 814.539.1423
Email: kpetak@spencecuster.com
*Counsel to Trustee/Movant*