UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Michael David Scott A/K/A

Chapter 7

The Crawford Group LLC A/K/A          17-70045-JAD

MaCaulay Family Realty Trust


Michael David Scott

    Debtor


V.


The Commonwealth Of Massachusetts


## Complaint Against The Commonwealth Of Massachusetts For Violation Of The Automatic Stay 11 U.S.C.B. 362(k)(1)


1)    An automatic stay violation is "willful" when the debtor shows (1) a violation of the stay occurred (2) the creditor had knowledge of the bankruptcy case when filing and (3) the violation caused actual damage. See <u>Hensback v. Wells Fargo Bank</u> 482 B 12 582. A Debtor must prove the required elements by a preponderance of the evidence <u>Wingard</u> 382 B.R. at 900 n. 6 (citing <u>Grogan v. Garner</u>, 498 U.S. 279, 286 11 S. Ct. (1991).

<u>Background</u>

2)      On October 5, 2017 the court held a hearing to establish a date when the Commonwealth of Massachusetts was notified of the filing of the Debtor's Chapter 7 petition. The Court and the Commonwealth agreed that it was on or about February of 2017. The Court found that the Commonwealth had violated the automatic stay and ordered that the parties enter into a settlement agreement. The Debtor, through Boston counsel, has been negotiating with the Commonwealth and as part of that settlement the Debtor and the Commonwealth agreed that the trust Fund taxes owed by Surrey Global Investments belongs to the Debtor and that the Debtor will be held responsible for those taxes as a personal liability.

3)      In an effort to circumvent the imposition of the automatic stay, the Commonwealth of Massachusetts sent a bill to the Debtor addressed as "Surrey Global Investments Inc." to the Debtor at his home address at 40 Old Stable Drive Mansfield MA 02048. The bill is a pre-petition debt in the amount of $11,825.06 (eleven thousand, eight hundred and twenty five dollars and six cents.) (See exhibit I) This willful violation has put emotional stress on the Debtor, after believing that the Commonwealth was asking for an extension of time to resolve the first violation, only to find out that the Commonwealth was coming after the Debtor for payment for a debt, the Commonwealth has deemed the Debtor personally responsible for the debt as "Surrey Global Investment". (See exhibit II).

4)      The Bankruptcy Code states that a bankruptcy petition operates as a stay of all enforcement proceedings against the debtor 11 U.S.C. 362(a). See In Re: Sicilano 13 F. 3d 748 (3rd Cir. 1993). The consequences of a violation of the automatic stay are declared in Bankruptcy Code 11 U.S.C. 362(b), which states that an individual injured by any willful violation of the stay provided by this section, shall recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages. See In Re: University Medical Center 973 F. 2d 1065 (3rd. Cir. 1992).

5)      A willful violation does not require a specific intent to violate the automatic stay. Rather, Bankruptcy Code 11 U.S.C.S. 1 provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's action which violates the stay were intentional. Whether the party believes in good faith that it has a right to the property is not relevant to whether the act is willful or whether compensation must be awarded. In Re: University Medical Center 973 F. 2d 1065 (3rd Cir. 1992) the automatic stay is one of the fundamental debtor protections supplied by the bankruptcy code In Re: Atlantic Business And Community Corp. 901 F. 2d 325 327 (3rd Cir. 1990).

6)      This second violation is willful and meant to harass the Debtor, by dragging it's feet on the first settlement and pursuing the Debtor to harass him for funds he does not have and to avoid

the protection offered to him.

## Relief

7)      The Debtor requests that the Court award fines and penalties to Mr. Scott against the Commonwealth for the second violation of the automatic stay.

Respectfully Submitted;

Michael D. Scott
772 Saint Joseph Street
Loretto PA 15940
February 13, 2018.

4

Proof of Notice

United States Bankruptcy Court
WESTERN DISTRICT OF PENNSYLVANIA

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 01/25/2017 at 12:39 PM and filed on 01/25/2017.

**Michael David Scott**
772 Saint Joseph St.
c/o FCI Loretto
Loretto, PA 15940
SSN / ITIN: xxx-xx-4415
aka **The Crawford Group LLC**
aka **Macaulay Family Realty Trust**

The bankruptcy trustee is:

**James R. Walsh**
Spence, Custer, Saylor, Wolfe & Rose, LLC
1067 Menoher Boulevard
Johnstown, PA 15905
814-536-0735

The case was assigned case number 17-70045-JAD to Judge Jeffery A. Deller.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page https://ecf.pawb.uscourts.gov or at the Clerk's Office, U.S. Bankruptcy Court, 5414 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Michael R. Rhodes**
**Clerk, U.S. Bankruptcy Court**