UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Michael David Scott a/k/a                    Chapter 7

The Crawford Group a/k/a                            17-70045-JAD

Macaulay Family Realty Trust


V.


Michael David Scott

    Debtor


V.


Collora LLP, Sara Silva,

William Kettlewell and

Managing Partner William Lovett

    Respondent


James R. Walsh

Chapter 7 Trrustee

RECEIVED 2018 MAR -9 A 11:49 CLERK U.S. BANKRUPTCY COURT PITTSBURGH

Rule 2004 Examination

    The Debtor presents the enclosed set of interrogatories as the Debtor is incarcerated and cannot afford a deposition, or to pay counsel's fees to attend such a deposition, The

1

interrogatories are as follows:

1) On what dates did counsel (Collora LLP and Dwyer Collora LLP) represent the debtor Michael David Scott?

2) What financial arrangements did the debtor have with counsel regarding the payment of his legal fees?

3) Was counsel authorized to employ other counsel's from the firm without Mr. Scott's approval?

4) Besides the attorney's fees related to listed in Mr. Scott's engagement letter, what were the amounts billed for the use of other attorneys from the firm during Scott's representation?

5) Has counsel ever admitted to the debtor in July of 2014, that his actions compromised their representations in CR case # 10-10264-RGS and that counsel will take an adverse action against Scott to protect the firms actions and reputation of the firm?

6) Did counsel agree with AUSA Victor Wild not to move to suppress evidence related to the grand jury testimony, and the Driscoll affidavit?

7) Did counsel receive from Mr. Scott a pro-se motion to file in the district court, requesting that the indictment be dismissed?

2

8) Why has counsel failed to produce a copy of that motion to Mr. Scott?

9) Did Mr. Scott request to counsel to move to withdraw his guilty plea? If yes on how many occasions did Mr. Scott do so specifically?

10) Why did counsel not follow Mr. Scott's request and move to withdraw his guilty plea?

11) Did Mr. Scott on May 29, 2015, told counsel he did not want to plead guilty?

12) Did counsel advise Mr. Scott that his guilty plea would waive any claims related to his proffer agreement?

13) Did counsel advise Scott of the consequences of his guilty plea? If so what exactly did counsel explain to Scott?

14) When did counsel first advise Scott that he was going to plead guilty?

15) Is counsel familiar with U.S.S.G. 1B1.8?

16) Did counsel deliberately decide not to use this mitigating note to the sentencing guideline to enhance Scott's sentence?

17) Please explain what is derivative evidence?

18) Please explain what is corroborative evidence?

19) Does Scott's proffer agreement allow the government to use corroborative evidence?

20) Is Collora LLP or Mr. Kettlewell or Ms. Silva or Mr. Noonan covered by legal malpractice insurance, errors and ommissions policy and directors and officers policy?

21) What is the amount of coverage for each policy for Collora LLP and each person mentioned in the previous question for malpractice, directors and officers and errors and omissions?

22) Why didn't Collora LLP (counsel) bring the issue of a conflict (compromise) to the district court's attention?

23) Is counsel aware that there is an ethical duty to bring such a conflict to the district court's attention?

24) Did the conflict affect counsel's representation in any manner?

25) Was counsel afraid that the government had threatened to subpoena the firms escrow accounts and other bank accounts?

26) Has Scott ever asked counsel for a speedy trial?

27) Why did counsel refuse this request?

28) Has counsel ever received copies of Michael Anderson's emails?

29) Why did counsel withdraw the motion requesting Michael Anderson's emails?

30) What is counsel's relationship with Victor Allen Wild?

31) What is counsel's relationship with Ryan M. Disantis?

32) Why did counsel not enter a conditional guilty plea to protect Scott's contractual rights on the proffer agreement?

33) Is counsel aware that a hearing under <u>Kastigar v. United States</u> 406 U.S. 441, 448-60, 92 S. Ct. 1653 32 L. Ed. 2d 212 (1972) is a separate fact based hearing held by the district court?

34) Why did counsel not hold a Kastigar hearing to determine that the indictment was tainted?

35) Did AUSA Wild ask counsel not to hold a Kastigar hearing?

36) Is counsel aware that their duty was to advise Scott whether

5

or not to plead guilty but not to make that decision for him?

37) Where you aware of the contents of the letter Scott filed with the district court DE 426?

38) Why did counsel not address this letter with the district judge at sentencing?

39) Did counsel have exparte communication with Terri Seeyle or the district judge concerning Scott's letter DE 426?

Signed under the pains and penalties of perjury.

_____

Sara G. Silva


_____

William Kettlewell


_____

William Lovett


_____

Witness


* Counsel and Collora LLP means William Lovett, Sara E. Silva and William Kettlewell