UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVED
2018 MAR 21  A 11: 52
CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

In re: Michael David Scott

Chapter 7

    Debtor

17-70045-JAD

Michael David Scott      Adv. Proceedings 17-7016-JAD

    Plaintiff      17-7004-JAD

V,

Commonwealth Of Massachusetts

Department of Revenue

    Defendant

## Opposition To The Commonwealth's Motion For A Continuance

Now comes the Debtor Michael D. Scott opposing the Commonwealth's motion for a continuance as set forth below:

(1) This will be the 3rd extension requested by the Commonwealth.

(2) The Debtor's principal residence is Massachusetts and snow storms are a way of life. That is of no consequence for a Massachusetts native, if any it certainly does not warrant a 2

1

month extension.

(3) The tax assessments were fraudulent, the basis of the tax assessment was derived from a restitution order in the debtor's criminal case. There are different forms of restitution (1) where the defendant stole someone's money and had the use and benefit of the money and therefore must bay back the victims (2) then there is restitution where the defendant's "alleged conduct" caused a harm to the so-called victims and the court awards the victims for their losses.

This is not money "had" by the Debtor, he never received those funds. Therefore, it is a consequential loss. Black's Law Dictionary 10th edition "A consequential loss is proximate when the natural and possible effect of the wrongful conduct, under the circumstances, is to set in operation, the intervening cause from which the loss directly results."

The assessment is not base on taxable income, but a fraudulent assessment by the Commonwealth to encumber the Debtor's property. Indeed, the Federal Government has not made a determination that the order of restitution is this particular case is taxable income-- considering this fraud by the Commonwealth, there should be no more extensions, unless the court orders the Commonwealth to show where in Massachusetts tax code, that the Debtor's order of restitution is taxable, based on the circumstances of the assessment.

(3) The Commonwealth has not been in touch with the Debtor, during the last period of extension, the Debtor was blind sided by this request. Strategically, less than a week before the hearing the Commonwealth made a determination that it needs an additional two months extension.

(4) The Commonwealth violated the automatic stay when it sent an invoice to the Debtor in the mane of "Surrey Global Investment" the Debtor provided evidence in the complaint that the Commonwealth has identified the Debtor as the responsible party, it does not matter how the Commonwealth attempts to disguise its violation, it still results in a violation of the automatic stay because its an attempt to collect a pre-petition debt against the debtor.

11 U.S.C. 362(a)(3)(5) and (6), protects the Debtor via the automatic stay from creditors who willfully violate the automatic stay, by testing the levels of credulity when it seeks preferential treatment for a pre-petition debt, by submitting an invoice in the name of a third party, although it recognized the creditor as a responsible party. Then so, that type of conduct is reprehensible, in the broadest sense.

The Debtor respectfully suggests that before the court grants any continuance to the Commonwealth, the court must request that the Commonwealth explicitly show that the assessment made by the

Commonwealth is legitimate to the extent it is authorized by the State statute to assess taxes based on an order of restitution, income the Debtor nor his non-debtor spouse never received, or used.

Respectfully Submitted;

*/s/ Michael D. Scott*

Michael D. Scott

772 Saint Joseph Street

Loretto PA 15940

March 18, 2018

## Certificate of Service

I, Michael D. Scott, certify that on March 16, 2018, I sent via first class mail United States postal service. A copy of the opposition to the continuance filed by the Commonwealth of Massachusetts, Atten. Stephen Murphy counsel for the Commonwealth.

Respectfully Submitted;

*/s/ Michael D. Scott*

Michael D. Scott

4