# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankr. No. 17-70045-JAD |
| MICHAEL DAVID SCOTT, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ X | |
| ) | |
| MICHAEL DAVID SCOTT, ) | Adversary No. 17-07050-JAD |
| ) | |
| Plaintiff, ) | Related to ECF Nos. 8 & 17 |
| ) | |
| - v - ) | |
| ) | |
| U.S. BANK, NATIONAL ) | |
| ASSOCIATION, as ) | |
| Trustee for Credit Suisse ) | |
| First Boston Mortgage ) | |
| Securities Corp., Mortgage ) | |
| Pass Through Certificates, ) | |
| Series 2004-AR7, ) | |
| ) | |
| Defendant. ) | |
| _____ X | |

## ORDER

This is an adversary proceeding which is derivative to the Plaintiffs challenge to the Defendant's standing to foreclose on the Plaintiff's property located at 40 Old Stable Drive, Mansfield, MA 02048 (the "Property").

While the Plaintiff is incarcerated at the Federal Corrections

Institute in Loretto, PA, the Property is the Debtor's marital residence co-owned with his spouse, Ms. Eunice Scott (who is not a debtor in this bankruptcy case).

The background of this case is that, among other actions, the Plaintiff has filed a separate adversary proceeding at Adv. No. 17-7028-JAD seeking a declaration that the Defendant does not have standing to foreclose on the Plaintiff's Property because the Defendant is not a *bona fide* noteholder of the Plaintiff. Despite the standing challenge lodged by the Plaintiff, no request was made in Adv. No. 17-7028-JAD for avoidance of any alleged lien asserted by the Defendant.

The adversary complaint filed by the Plaintiff at Adv. No. 17-7050-JAD was initially filed as a *Motion to Strike and/or Preclude*, and was filed by the Plaintiff in the main bankruptcy case at Bankruptcy No. 17-70045-JAD. It was also docketed by the Clerk at a companion adversary proceeding filed at Adv. No. 17-07028-JAD. However, because it contained a new claim for relief- namely avoidance of any lien that the Defendant may have against the Property- the *Motion to Strike and/or Preclude* was docketed as a new adversary proceeding

at Adv. No. 17-7050-JAD.

Presently before the Court are two motions- one is the Defendant's *Motion to Dismiss Adversary Complaint* filed at ECF No. 8; the second is the Defendant's *Motion to Consolidate* filed at ECF No. 17.

Hearings on the *Motion to Dismiss* were initially held in January of 2018 and for various reasons the matter was continued to a hearing on June 28, 2018. Likewise, the initial hearing on the *Motion to Consolidate* was held in March of 2018 and continued to June 28, 2018.

On the eve of the hearing held on June 28, 2018, the Defendant filed a *Declaration of John W. Wildrick* (the "<u>Wildrick Declaration</u>"), which the Defendant averred was dispositive to the *Motion to Dismiss*. Wile not expressly stated at the June 28, 2018 hearing, it appears that the Defendant would like to convert its *Motion to Dismiss* into a motion for summary judgment pursuant to Fed.R.Bankr.P. 7056. The Court will do so, and afford the parties an opportunity to provide further briefing.

Specifically, it is hereby ORDERED that:

1. The Defendant shall file a supplemental brief in support of its request for summary judgment. The brief shall address the Wildrick Declaration and how it is dispositive to this adversary. The Defendant shall also address, and produce, the organic transactional documents that specifically support the contention in the Wildrick Declaration that "US Bank is acting on behalf of Greenpoint as Note holder." The Defendant's brief shall also address this Court's subject matter jurisdiction under 28 U.S.C. §§ 157(b)(2)(O) and 1334(e), when the outcome of this litigation will affect the Plaintiff/Debtor's interest in the Property and/or his debtor-creditor relationship vis-a-viz the Defendant.

2. The Defendant's supplemental brief and related materials shall be filed and served no later than **July 19, 2018**. A Responsive brief and related materials may be filed and served by the Plaintiff no later than **August 5, 2018**.

3. Pursuant to Fed.R.Bankr.P. 7042, the *Motion to Consolidate* is granted insofar as it relates to Adv. No. 17-7028-JAD. As such, the supplemental brief and related materials shall be filed at Adv. No. 17-7028-JAD. The Court defers ruling on the consolidation request as it relates to Adv. No. 18-7005-JAD, until such time the Court determines whether it has the requisite subject matter jurisdiction in that adversary proceeding.

4. While there are subject matter jurisdiction questions that remain to be determined by this Court (both in this adversary proceeding and the other at Adv. No. 18-7005-JAD), the parties agreed that the Massachuset's court system undeniably has concurrent subject matter jurisdiction regarding the lawsuits currently on file. As

such, it was suggested by counsel that the parties may come to an agreement whereby litigation is brought by the parties in Massachusetts so that the merits of the underlying claims can be decided without subject matter jurisdiction concerns. Given this suggestion, and to the extent the parties reach an accord on this issue, the parties shall provide a proposed stipulation with the Court by no later than **August 5, 2018**.

Dated: June 29, 2018        _____ jsf
                            Jeffery A. Deller
                            Chief U.S. Bankruptcy Judge

cc:   Mr. Michael David Scott
      Brett L. Messinger, Esq.
      James R. Walsh, Esq., Chapter 7 Trustee

FILED
6/29/18 10:16 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA