**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FILED

2026 FEB 20  A 9: 28

CLERK
U.S. BANKRUPTCY COURT
PITTSBURGH

**IN RE:** Michael D. Scott, Debtor

Bankruptcy No. 17-70045-JAD

---

## DEBTOR'S REPLY IN SUPPORT OF MOTION TO REOPEN AND MOTION FOR VIOLATION OF THE DISCHARGE INJUNCTION

Michael D. Scott (the "Debtor") respectfully submits this Reply in response to the opposition filed by The Bank of New York Mellon Trust Company, N.A. ("Respondent").

Answer to Injuction

Respondent raises two arguments:

(1) alleged defective service; and

(2) that its Massachusetts foreclosure action seeks only in rem relief.

Both arguments fail.

---

## I. THIS COURT HAS PERSONAL JURISDICTION

### A. Service Was Proper Under Rule 7004(b)(3)

This is a contested matter governed by Rule 9014, which incorporates Rule 7004.

The Debtor served:

Bank of New York Mellon Trust Company, N.A.

c/o CT Corporation

155 Federal Street, Suite 700

Boston, MA 02110

CT Corporation is Respondent's registered agent for service of process. Service upon a registered agent is expressly authorized under Rule 7004(b)(3).

Certified mail exceeds the first-class mail requirement of the rule.

Respondent has previously accepted service at this same address, including in another matter on December 10, 2025. It is Respondent's customary service address and last known business service address. **Service was proper under Fed. R. Bankr. P. 7004(b)(3).** The Debtor served Respondent by mailing the motions to Respondent's authorized agent for service of process, **CT Corporation System**, at **155 Federal Street, Boston, Massachusetts**. CT Corporation is an agent authorized by appointment and by law to receive service on Respondent's behalf. Service by mail on an authorized agent satisfies Rule 7004(b)(3). Further, Respondent indisputably received notice and appeared through counsel to file a substantive opposition on the merits.

Answer to Injuction

Any hyper technical objection regarding addressing is therefore meritless and, in any event, waived by Respondent's merits participation and request that the Court deny the motions with prejudice.

Answer to Injuction

2

The address listed in a recorded mortgage assignment is irrelevant to Rule 7004.

Service was proper.

## B. Respondent Waived Any Service Objection

Even assuming arguendo a technical defect (there was none), Respondent waived the objection.

Rather than filing a motion under Rule 12(b)(5), Respondent filed a comprehensive merits response invoking:

- Reopening standards,

- Discharge injunction standards,

- Johnson v. Home State Bank,

- Massachusetts foreclosure law,

- Futility arguments,

and requested denial **with prejudice**.

Answer to Injunction

Such conduct constitutes a general appearance.

Under Rule 12(h), a party waives insufficient service by litigating the merits without properly preserving the defense.

Respondent received notice, responded fully, and suffered no prejudice. The purpose of service—notice and opportunity to be heard—has been satisfied.

The personal jurisdiction argument should be denied.

## II. THE MASSACHUSETTS COMPLAINT SEEKS PERSONAL LIABILITY IN VIOLATION OF § 524

Respondent argues that its foreclosure action seeks only in rem relief. That assertion is contradicted by its own pleading.

### A. The Complaint Seeks Determinations of Personal Liability

In Count I (Breach of Contract), the Massachusetts complaint seeks:

- **A determination that Michael D. Scott breached the Mortgage,**

- **A determination that he breached the Note,**

- **A determination that he is liable for the amount due under the Note and Mortgage.**

Bristol County Filing

Paragraphs 38–40 expressly request a determination of liability under the Note.

Bristol County Filing

The complaint further seeks a conditional judgment based upon breach of the Note and Mortgage and requests fees and costs.

Bristol County Filing

That is not purely in rem relief.

It is a judicial determination of liability under a discharged personal obligation.

4

## B. The Discharge Eliminated Personal Liability on the Note

Under 11 U.S.C. § 524(a)(2), the discharge operates as an injunction against:

"The commencement or continuation of an action… to collect… any such debt as a personal liability of the debtor."

Johnson v. Home State Bank permits enforcement of a surviving mortgage lien.

It does not permit re-adjudication of personal liability on the discharged Note.

The distinction is clear:

✓ In rem lien enforcement survives discharge.

✗ In personam liability does not.

By pleading breach of the Note and seeking a liability determination, Respondent crossed that line.

## III. RESPONDENT'S CONDUCT FAILS THE TAGGART STANDARD

Under Taggart v. Lorenzen, 139 S. Ct. 1795 (2019), civil contempt is appropriate where:

"There is no objectively reasonable basis for concluding that the creditor's conduct might be lawful."

The standard is objective.

Here, there was no fair ground of doubt.

## A. The Complaint Exceeds What Is Necessary for In Rem Foreclosure

A purely in rem foreclosure action requires proof of:

1. The mortgage,

2. Default,

3. Right to foreclose.

It does not require:

- A breach-of-contract claim on the Note,

- A determination that the debtor is liable under the Note,

- A judicial declaration of liability for the amount due.

Those are in personam determinations.

Respondent included them.

An objectively reasonable creditor knows the difference between enforcing a lien and adjudicating personal liability.

## B. The Practical Effect Is Coercive

Taggart instructs courts to consider whether conduct has an objectively coercive effect.

By filing a complaint seeking a determination that the Debtor is liable under the Note:

- Respondent forced the Debtor to defend against personal liability claims,

- Exposed him to potential personal judgment language,

6

- Imposed litigation burden tied to a discharged obligation.

The discharge injunction prohibits the commencement of such an action.

The violation lies in the act of filing the complaint seeking liability.

---

## C. There Is No "Fair Ground of Doubt"

Respondent cites Johnson and Massachusetts foreclosure law.

Answer to Injuction

Those authorities clearly distinguish in rem from in personam relief.

Because the law is clear, Respondent cannot claim uncertainty.

There was no objectively reasonable basis to believe that seeking liability determinations under a discharged Note was lawful.

---

## IV. REOPENING IS NOT FUTILE

Respondent argues reopening would be futile.

Answer to Injuction

It is not.

The Massachusetts complaint itself presents a colorable discharge issue.

Bristol County Filing

This Court retains jurisdiction to enforce its discharge order under § 524 and § 105(a).

7

Reopening is appropriate.

---

## V. CONCLUSION

1. Service was proper under Rule 7004(b)(3).

2. Respondent waived any service objection by making a general appearance.

3. The Massachusetts complaint seeks determinations of breach and liability under a discharged Note.

4. Such conduct raises a substantial issue under § 524.

5. Under Taggart, there was no objectively reasonable basis to believe this conduct was lawful.

Accordingly, the Debtor respectfully requests that:

- The case be reopened,

- The Court deny Respondent's personal jurisdiction defense, and

- The Court holds the hearing on the discharge violation.

Respectfully submitted,

Michael D. Scott

Debtor, pro se

EXHIBIT A



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of New York
Mellon Trust
C/O
CT Corporation System
155 Federal St St 700
Boston MA 02110

9590 9402 9693 5199 5739 65

9589 0710 5270 3445 9170 46

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

DEC 10 2025

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt



**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of NY
Mellon Trust
C/O CT corporation
155 Federal Street
Boston MA. 02110

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 9693 5199 5738 66

2. Article Number *(Transfer from service label)*

9589 0710 5270 3445 9169 02

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

JAN 27 2020

BOSTON MA 02205

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
all Restricted Delivery
)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt

## CERTIFICATE OF SERVICE

I, Michael D. Scott, hereby certify that on this 18th day of February 2026, a true and correct copy of the foregoing **Reply to The Bank of New York Mellon Trust Company, N.A.'s Response** was served by electronic mail upon:

William Miller, Esq.
Managing Attorney
LOGS Legal Group LLP
Email: wmiller@LOGS.com

Service was made via electronic mail to the above-listed address, which is the email address regularly used by counsel in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 18, 2026

Michael D. Scott
158 Guana Lane
Bloomingdale, Georgia 31302
Email: msccot123@outlook.com
Phone: 774-284-3079

CLEARED X-RAY SCREENING

ORIGIN ID:SFYA      17742843079
MICHAEL SCOTT

8 TIFFANY ROAD

BOURNE, MA 02532
UNITED STATES US

SHIP DATE: 18FEB26
ACTWGT: 1.00 LB
CAD: 308600009/INET4762

BILL CREDIT CARD

TO  **CLERK OF COURTS**
**UNITED STATES BANKRUPTCY COURT**
**5414 U.S. STEEL TOWER**
**600 GRANT STREET**
**PITTSBURGH PA 15219**
(412) 644-2700          REF:
INV:
PO:                              DEPT:





FedEx Express

58KJ5/6067/484B

**FRI - 20 FEB 10:30A**
**MORNING 2DAY**

TRK#
0201   **8888 6752 0935**

**KA BTPA**          **15219**
                PA-US  **PIT**



