**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:
MICHAEL D. SCOTT,
Debtor/Movant

v.

KORDE & ASSOCIATES, P.C. and
ZOH NIZAMI,
Respondents

and

JAMES R. WALSH, TRUSTEE,
Additional Respondent

Chapter 7
Case No. 17-70045-JAD
Related to Doc. Nos. 649, 655



# REPLY BRIEF OF MICHAEL D. SCOTT
# IN FURTHER SUPPORT OF MOTION TO REOPEN CASE
# AND FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION

**INTRODUCTION**

Debtor Michael D. Scott ("Debtor") submits this Reply to respond to the arguments raised by

Respondents Korde & Associates, P.C. and Attorney Zoh Nizami ("Respondents"). Respondents

contend that their Massachusetts foreclosure action is "purely in rem" and that any statements

within that complaint referring to personal liability, breach of note, or attorney's fees are merely

"procedural."

The plain text of the Massachusetts complaint contradicts these assertions. It expressly seeks determinations of breach of the Note, personal liability, attorney's fees, and a calculation of the full accelerated debt. These in-personam allegations violate the discharge injunction of 11 U.S.C. §524(a)(2). Under ***Taggart v. Lorenzen,*** 139 S. Ct. 1795 (2019), Respondents' conduct lacks an objectively reasonable basis.

Debtor therefore requests that the Court (1) reopen this case, (2) find Respondents in contempt of the discharge injunction, (3) impose sanctions, and (4) order Respondents to amend or withdraw the offending Massachusetts complaint.

============================================================================

**FACTUAL BACKGROUND**

Debtor received a Chapter 7 discharge on August 26, 2019. On December 12, 2025, Respondents filed a foreclosure complaint in the Massachusetts Superior Court (Dkt. No. 2573CV00982A). That complaint includes:

• A request for a judicial determination that "Michael D. Scott is liable for the amount due under the Note and Mortgage" (Count I ¶ 40)

• Allegations that Debtor breached the Note (Count I ¶ 39)

• A request for "reasonable attorney's fees, court costs, and other expenses" (Prayer ¶ (e))

• A calculation of a purported debt of "$376,668.85" (¶ 30)

• A demand for a "Conditional Judgment" establishing the total debt (Count II ¶ 50)

These are not "in rem" statements. They seek personal liability.

2

===================================================================

**ARGUMENT**

## I. Respondents' Massachusetts Complaint Contains Explicit In-Personam Claims Prohibited by 11 U.S.C. §524(a)(2)

The Third Circuit has held that §524(a)(2) prohibits any act to collect a discharged debt as a personal liability of the debtor. See *Joubert v. ABN AMRO Mortgage Group*, 411 F.3d 452, 456 (3d Cir. 2005).

Yet Respondents' complaint expressly demands:

• findings of breach of contract on the Note;

• determinations of Debtor's personal liability;

• awards of attorney's fees;

• a judicial determination of the total amount owed.

These are in-personam remedies. They are not required for foreclosure. They constitute an attempt to reestablish and collect a discharged debt.

Massachusetts law reinforces the distinction. A foreclosure is in rem, but breach-of-note claims are personal and separate. **See *Nims v. Bank of N.Y. Mellon*,** 97 Mass. App. Ct. 123 (2020); *Christakis v. D'Arc*, 471 Mass. 365 (2015).

## II. Respondents' Representations to This Court Contradict Their State-Court Pleadings

Respondents tell this Court:

3

• They are not seeking personal liability

• They seek no monetary relief

• The case is purely in rem

• All liability allegations are "procedural"

Yet their Massachusetts pleadings state:

• "Scott is liable"

• "Scott breached the Note"

• "Plaintiff seeks attorney's fees"

• "Total amount due is $376,668.85"

This contradiction demonstrates that Respondents' "procedural" explanation is not credible.

# III. Respondents Violated the Discharge Injunction

Respondents' complaint is an act to collect a discharged debt, in violation of:

• 11 U.S.C. §524(a)(2)

• controlling Third Circuit precedent

• binding Supreme Court standards in *Taggart*

Directly seeking a finding that Debtor is "liable" for a discharged note is a core violation of the
discharge injunction.

4

# IV. Respondents' Interpretation Fails the *Taggart* Standard

Under *Taggart*, contempt is proper when a creditor had "no objectively reasonable basis" to believe its conduct was lawful.

There is no reasonable basis to conclude that:

• asserting personal liability

• asserting breach of note

• asserting a money judgment

• asserting attorney's fees

are permissible after discharge.

Respondents' conduct is objectively unreasonable. Sanctions are appropriate.

## RELIEF REQUESTED

Debtor respectfully requests that this Court:

1. Reopen the Chapter 7 case under 11 U.S.C. §350(b).

2. Find that Respondents violated the discharge injunction.

3. Hold Respondents in civil contempt.

4. Award compensatory damages for emotional distress, costs, and time expended.

5. Award coercive sanctions to deter further violations.

6. Award punitive sanctions based on the egregious and contradictory conduct.

7. Order Respondents to withdraw or amend the Massachusetts complaint to remove all in-personam allegations.

Respectfully submitted,

Michael D. Scott, Debtor-Movant

ORIGIN ID:SFYA    17742843079
MICHAEL SCOTT

8 TIFFANY ROAD

BOURNE, MA 02532
UNITED STATES US

SHIP DATE: 25FEB26
ACTWGT: 1.00 LB
CAD: 308600009/INET4762

BILL CREDIT CARD

TO **CLERK OF COURTS**
**UNITED STATES BANKRUPTCY COURT**
**5414 U.S. STEEL TOWER**
**600 GRANT STREET**
**PITTSBURGH PA 15219**
(412) 644-2700      REF:
INV:
PO:      DEPT:

58KJ5/6067/484B



**FedEx** Express

E

J281028012001uv

**FRI - 27 FEB 10:30A**
**MORNING 2DAY**

TRK#
0201   **8890 5205 9359**

**15219**

**KA BTPA**      PA-US **PIT**



CLEARED X-RAY SCREENING

4150 FRI 02/27   07:10
600 GRANT ST
15219-2702-99
PITTSBURGH,PA
**127-6075**
ETP: 1    SP.PD:100:Y