FILED
2/25/26 1:20 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 17-70045-JAD |
| | ) | |
| MICHAEL DAVID SCOTT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Related to ECF. No. 638 |
| | X | |
| | ) | |
| MICHAEL DAVID SCOTT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| THE BANK OF NEW YORK | ) | |
| MELLON TRUST COMPANY, N.A., | ) | |
| As Successor in Interest to All | ) | |
| Permitted Successors and Assigns | ) | |
| of JP Morgan Chase Bank, N.A., | ) | |
| As Trustee for Certificate Holders | ) | |
| Of Nomura Asset Acceptance | ) | |
| Corp., Series 2005-AR2, Acting by | ) | |
| And Through its Servicer, Wells | ) | |
| Fargo Bank, N.A.; KORDE & | ) | |
| ASSOCIATES, PC; ZOH NIZAMI; | ) | |
| AND JAMES R. WALSH, | ) | |
| TRUSTEE (DECEASED), | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | X | |

### ORDER DENYING MOTION TO REOPEN

AND NOW, this 25th day of February 2026, upon consideration of the Debtor's Motion to Reopen Case and for Violation of the Discharge Injunction (the "Motion"), the responses filed by interested parties, and the record as a whole, it is hereby ORDERED that the Motion is **DENIED**.

Reopening a closed bankruptcy case is governed by 11 U.S.C. § 350(b), which provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." The decision to reopen rests within the sound discretion of the bankruptcy court. In re Lazy Days' RV Ctr. Inc., 724 F.3d 418, 422–23 (3d Cir. 2013); In re Zinchiak, 406 F.3d 214, 223 (3d Cir. 2005). The burden rests on the moving party to demonstrate cause. In re Geo Specialty Chems. Ltd., 577 B.R. 142, 179 (Bankr. D.N.J. 2017). Courts routinely deny reopening where doing so would be futile or would not afford substantive relief. Reinert v. Vara, 620 B.R. 536, 543 (W.D. Pa. 2020); Redmond v. Fifth Third Bank, 624 F.3d 793, 803 (7th Cir. 2010); In re Frazer/Exton Dev., L.P., 503 B.R. 620, 635 (Bankr. E.D. Pa. 2013).

Here, reopening would be futile. The Debtor contends that a post-discharge foreclosure action violates the discharge injunction. The record reflects, however, that the challenged foreclosure proceeding seeks enforcement of a mortgage lien solely against the collateral and does not seek to impose personal liability on the Debtor. Such conduct does not violate 11 U.S.C. § 524(a)(2).

A discharge operates as an injunction against efforts to collect a debt "as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). It does not extinguish valid liens or prevent creditors from enforcing their in rem rights. The Supreme Court has long recognized that a bankruptcy discharge "extinguishes only 'the personal liability of the debtor,'" while a creditor's right to foreclose survives bankruptcy. Johnson v. Home State Bank, 501 U.S. 78, 83 (1991) (quoting 11

U.S.C. § 524(a)(1)); see also Dewsnup v. Timm, 502 U.S. 410, 417 (1992) (liens pass through bankruptcy unaffected); Farrey v. Sanderfoot, 500 U.S. 291, 297 (1991); Bank of Am., N.A. v. Caulkett, 575 U.S. 790, 791–92 (2015).

This principle was recently reaffirmed in this District. In In re Burgos, the court held that a mortgagee did not violate the discharge injunction by pursuing a post-discharge foreclosure limited to its collateral. 673 B.R. 559, 562–64 (Bankr. W.D. Pa. 2025). The court explained that Chapter 7 affords a fresh start from personal liability but does not erase valid liens, emphasizing that "liens are creatures of state law, and Congress did not hand bankruptcy courts a general warrant to erase them." Id. at 562 (citing Dewsnup, 502 U.S. at 417). It further clarified that foreclosure proceedings enforcing a lien in rem fall outside the discharge injunction so long as no deficiency or personal recovery is sought. Id. at 563. In language particularly apt here, the court observed that the Bankruptcy Code's balance is straightforward: the debtor receives a fresh start from personal obligations, but the creditor retains the right to enforce its lien; the discharge does not confer a "free house." Id. at 563–64.

The same analysis applies in this case. The foreclosure action at issue enforces a mortgage lien against the property and does not seek personal recovery from the Debtor. Enforcement of a surviving lien through an in rem proceeding is permitted by the Bankruptcy Code and controlling precedent. See Johnson, 501 U.S. at 83; Dewsnup, 502 U.S. at 417; Burgos, 673 B.R. at 562–64.

Because the conduct challenged by the Debtor is lawful and does not violate the discharge injunction, the Debtor cannot obtain the relief he seeks. Reopening the case would therefore serve no purpose and would constitute a futile exercise and an unnecessary expenditure of judicial resources. See Reinert, 620 B.R. at 543.

Accordingly, the Motion to Reopen is **DENIED**.

IT IS SO ORDERED.

Dated: February 25, 2026

jsf

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

Case Administrator to serve:

Michael David Scott, *Pro Se*
William E. Miller, Esq.
Brett Messinger, Esq.
Kevin J. Petak, Esq.
Office of the United States Trustee

4

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                    Case No. 17-70045-JAD

Michael D. Scott                                                                    Chapter 7
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-7                          User: auto                                      Page 1 of 3

Date Rcvd: Feb 25, 2026                   Form ID: pdf900                           Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol        Definition**

+                  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                    regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 27, 2026:**

**Recip ID              Recipient Name and Address**
db                  + Michael D. Scott, 8 Tiffany Road, Bourne, MA 02532-8310

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 27, 2026                        Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 25, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brett L. Messinger | on behalf of Respondent ZOH NIZAMI blmessinger@duanemorris.com emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com |
| Brett L. Messinger | on behalf of Counter-Claimant U S Bank National Associates as Trustee For Credit Suisse First Boston Mortgage Securities Corp blmessinger@duanemorris.com  emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com |
| Brett L. Messinger | on behalf of Defendant US Bank National Association as Trustee blmessinger@duanemorris.com emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com |
| Brett L. Messinger | on behalf of Creditor US Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp. Mortgage Backed Pass Through Certificates Series 2004-AR-7 and Ocwen Loan Servicing  LLC blmessinger@duanemorris.com, emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com |

District/off: 0315-7                                    User: auto                                        Page 2 of 3
Date Rcvd: Feb 25, 2026                         Form ID: pdf900                                   Total Noticed: 1

Brett L. Messinger
                    on behalf of Defendant Ocwen Loan Servicing LLC blmessinger@duanemorris.com
                    emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger
                    on behalf of Defendant U S Bank National Associates as Trustee For Credit Suisse First Boston Mortgage Securities Corp
                    blmessinger@duanemorris.com  emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger
                    on behalf of Creditor U.S. Bank  National Association As Trustee For et al. blmessinger@duanemorris.com,
                    emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger
                    on behalf of Defendant U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp.
                    Mortgage Pass Through Series 2004-AR7 blmessinger@duanemorris.com
                    emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger
                    on behalf of Respondent Korde & Associates  P.C. blmessinger@duanemorris.com,
                    emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger
                    on behalf of Creditor U.S. Bank  National Association as Trustee Under the Pooling and Servicing Agreement Dated as of May 1,
                    2006, GSAMP Trust 2006-HE3 Mortgage Pass-Through Certificates Series 2006-HE3 and Ocwen Loan Ser
                    blmessinger@duanemorris.com, emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger
                    on behalf of Plaintiff U.S. BANK NATIONAL ASSOCIATION  AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON
                    MORTGAGE SECURITIES CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR7
                    blmessinger@duanemorris.com, emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Denver E. Wharton
                    on behalf of Creditor Khanda  LLC dew@ktwllaw.com, r42123@notify.bestcase.com

Heather A. Sprague on Behalf of the United States Trustee by
                    on behalf of U.S. Trustee Office of the United States Trustee Heather.Sprague@usdoj.gov

James Warmbrodt
                    on behalf of Creditor BANK OF AMERICA  N.A. bkgroup@kmllawgroup.com

James A. Prostko
                    on behalf of Creditor U.S. Bank  National Association, as Trustee, et al... jprostko@c-vlaw.com, jamesprostko@gmail.com

James A. Prostko
                    on behalf of Creditor The Bank Of New York Mellon Trust Company  N.A., et. al. jprostko@c-vlaw.com,
                    jamesprostko@gmail.com

James A. Prostko
                    on behalf of Attorney James A. Prostko jprostko@c-vlaw.com  jamesprostko@gmail.com

James D. Newell
                    on behalf of Interested Party Collora LLP  William Lovett, William Kettlewell, Sara Silva james.newell@bipc.com,
                    donna.curcio@bipc.com

James R. Walsh
                    jwalsh@spencecuster.com
                    trustee@spencecuster.com;kpetak@spencecuster.com;skosis@spencecuster.com;jwalsh@ecf.axosfs.com;TrusteeWalsh@gmail.com

James R. Walsh
                    on behalf of Trustee James R. Walsh jwalsh@spencecuster.com
                    trustee@spencecuster.com;kpetak@spencecuster.com;skosis@spencecuster.com;jwalsh@ecf.axosfs.com;TrusteeWalsh@gmail.com

Jeremy J. Kobeski
                    on behalf of Creditor The Bank Of New York Mellon Trust Company  N.A., et. al. pawb@fedphe.com,
                    mcupec@grenenbirsic.com

Jill Locnikar
                    on behalf of Creditor United states of america jill.locnikar@usdoj.gov
                    patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;namrata.pallat@usdoj.gov

Jill Locnikar
                    on behalf of Defendant United States Department of Justice  et al. jill.locnikar@usdoj.gov,
                    patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;namrata.pallat@usdoj.gov

Jill Locnikar
                    on behalf of Defendant U.S Department of Education jill.locnikar@usdoj.gov
                    patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;namrata.pallat@usdoj.gov

Jill Manuel-Coughlin
                    on behalf of Creditor The Bank Of New York Mellon Trust Company  N.A., et. al. bankruptcy@powerskirn.com

District/off: 0315-7                         User: auto                                         Page 3 of 3

Date Rcvd: Feb 25, 2026                  Form ID: pdf900                              Total Noticed: 1

Jonathan W. Chatham

on behalf of Creditor PA Dept of Revenue RA-occbankruptcy7@pa.gov

Jonathan W. Chatham

on behalf of Attorney PA Dept of Revenue RA-occbankruptcy7@pa.gov

Kevin J. Petak

on behalf of Trustee James R Walsh kpetak@spencecuster.com
skosis@spencecuster.com;petak.kevinb119375@notify.bestcase.com

Kevin J. Petak

on behalf of Interested Party James R Walsh kpetak@spencecuster.com
skosis@spencecuster.com;petak.kevinb119375@notify.bestcase.com

Kevin J. Petak

on behalf of Trustee James R. Walsh kpetak@spencecuster.com
skosis@spencecuster.com;petak.kevinb119375@notify.bestcase.com

Kevin Scott Frankel

on behalf of Defendant Korde & Associates P C pabk@logs.com  logsecf@logs.com

Kristen D. Little

on behalf of Defendant Korde & Associates P C KRLITTLE@FIRSTAM.COM

Kunal Janak Choksi

on behalf of Defendant Internal Revenue Service kunal.j.choksi@usdoj.gov

Leonard P. Vigna

on behalf of Creditor Tufts Investments  LLC lpv@ktwllaw.com, ams@ktwllaw.com;r42123@notify.bestcase.com

Office of the United States Trustee

ustpregion03.pi.ecf@usdoj.gov

Ronald E. Reitz

on behalf of Creditor ROSE AKE rreitz@margolisedelstein.com

Ronald E. Reitz

on behalf of Plaintiff BONABERI CORPORATION rreitz@margolisedelstein.com

Ronald E. Reitz

on behalf of Creditor BONABERI CORPORATION rreitz@margolisedelstein.com

Ronald E. Reitz

on behalf of Plaintiff ROSE AKE rreitz@margolisedelstein.com

Stephen G. Murphy

on behalf of Defendant The Commonwealth of Massachusetts murphys@dor.state.ma.us

Stephen G. Murphy

on behalf of Creditor Massachusetts Department of Revenue murphys@dor.state.ma.us

Stephen G. Murphy

on behalf of Defendant Commonwealth of Massachusetts murphys@dor.state.ma.us

Thomas Song

on behalf of Creditor U.S. Bank  National Association, et.al. pawb@fedphe.com

William E. Miller

on behalf of Defendant US Bank National Association as Trustee wmiller@logs.com  logsecf@logs.com

William E. Miller

on behalf of Creditor Wells Fargo Bank  N.A wmiller@logs.com, logsecf@logs.com

William E. Miller

on behalf of Creditor U.S. Bank  National Association As Trustee For et al. wmiller@logs.com, logsecf@logs.com

William E. Miller

on behalf of Creditor The Bank of New York Mellon Trust Company  N.A., as successor in interest to all permitted successors and
assigns of JP Morgan Chase Bank, N.A., as Trustee for Certificate Holders of Nomura Asset Acce wmiller@logs.com,
logsecf@logs.com

William E. Miller

on behalf of Creditor U.S. Bank  National Association as Trustee Under the Pooling and Servicing Agreement Dated as of May 1,
2006, GSAMP Trust 2006-HE3 Mortgage Pass-Trough Certificates Series 2006-HE3 C/O Phelan Hallinan wmiller@logs.com,
logsecf@logs.com

TOTAL: 48