FILED
4/1/26 11:40 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-70045-JAD |
| | ) | |
| MICHAEL DAVID SCOTT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Related to ECF Nos. 666, 669 & |
| _____ X | | 670 |
| | ) | |
| MICHAEL DAVID SCOTT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| THE BANK OF NEW YORK | ) | |
| MELLON TRUST COMPANY, N.A., | ) | |
| As Successor in Interest to All | ) | |
| Permitted Successors and Assigns | ) | |
| of JP Morgan Chase Bank, N.A., | ) | |
| As Trustee for Certificate Holders | ) | |
| Of Nomura Asset Acceptance | ) | |
| Corp., Series 2005-AR2, Acting by | ) | |
| And Through its Servicer, Wells | ) | |
| Fargo Bank, N.A.; KORDE & | ) | |
| ASSOCIATES, PC; ZOH NIZAMI; | ) | |
| AND JAMES R. WALSH, | ) | |
| TRUSTEE (DECEASED), | ) | |
| | ) | |
| Respondents. | ) | |
| _____ X | | |

**MEMORANDUM OPINION**

The matters before the Court consist of: (a) the *Emergency Motion to Continue the February 24, 2026 Hearing* (the "Emergency Motion to Continue," ECF No. 666), as construed by this Court's *Order Treating "Emergency Motion to Continue" as a Motion for Reconsideration or Relief from Order and Scheduling Hearing* (ECF No. 670), and (b) the *Motion of Michael D. Scott to Vacate Order*

*Entered February 25, 2026, Under Fed. R. Civ. P. 60(b)(1) and 60(b)(6)* (the "Motion to Vacate," ECF No. 669). For the reasons set forth more fully below, the Court finds the motions to be without merit and shall be denied.

**I.**
**Jurisdiction and Authority**

This matter is a core proceeding over which this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(b), because it arises under title 11 and arises in a case under title 11. The United States District Court for the Western District of Pennsylvania has referred such matters to the bankruptcy judges of this district pursuant to 28 U.S.C. § 157(a).[1] Under 28 U.S.C. § 157(b)(1), a bankruptcy judge may hear and determine all core proceedings arising under title 11 or arising in a case under title 11 and may enter appropriate orders and judgments, subject to appellate review.

This dispute falls comfortably within that grant of authority. It concerns, first, a request to reopen a closed bankruptcy case under 11 U.S.C. § 350(b), which is a matter concerning the administration of the bankruptcy case within the meaning of 28 U.S.C. § 157(b)(2)(A). It concerns, second, the alleged violation and enforcement of the discharge injunction imposed by 11 U.S.C. § 524(a), which is a matter arising only because of the Bankruptcy Code and one that affects the adjustment of the debtor-creditor relationship within the meaning of 28 U.S.C. § 157(b)(2)(O). See Golden v. JP Morgan Chase Bank (In re Golden),

---

[1]See *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* (W.D. Pa. Oct. 16, 1984), available at https://www.pawd.uscourts.gov/sites/pawd/files/general-orders/bankruptcy_standing_order.pdf .

2

587 B.R. 414, 423 (Bankr. E.D.N.Y. 2018)(applicable law makes it plain that the question of whether the bankruptcy discharge has been violated is a core proceeding). The Court therefore has both the jurisdiction and the authority to enter a final order.

**II.**
**Procedural Background**

The procedural history is important, not because it changes the legal analysis, but because the Movant's present requests are framed in part as a complaint about process. The record shows the following:

On August 26, 2019, the Movant received a discharge in bankruptcy. See ECF No. 614.  On December 12, 2025, which is several years after the entry of the discharge, the Respondents (consisting of the mortgagee having a lien on the subject property described below and its counsel) caused to be filed against the Movant a *Complaint to Foreclose Mortgage and Rights of Redemption* with respect to real property known as 6 Erick Road, Unit 52, of the Edgewood Condominium. See ECF No. 649-4.

On January 16, 2026, and in response to this foreclosure action, the Movant filed a motion seeking to reopen the above-captioned case for purposes of enforcing the discharge injunction and seeking relief for an alleged violation of the discharge injunction. See *Motion to Reopen Chapter 7 Case Pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010* (the "Motion to Reopen"), ECF No. 638. The Court scheduled the Motion to Reopen for hearing on February 24, 2026. The hearing was conducted via Zoom in accordance with this Court's procedures. The Respondents appeared and were heard. The Movant did not appear (and he

3

did not, at that time, inform the Court that he would not appear and did not otherwise request a continuance prior to the commencement of the hearing). Notwithstanding the Movant's nonappearance, the Court did not dispose of the matter by default or because of the Movant's absence. Instead, the Court reviewed the entire record, including the Motion, the supporting materials, the legal arguments advanced by the Movant, the responses filed by interested parties, and the applicable law. The Court then entered its *Order Denying Motion to Reopen* (ECF No. 657).

In that Order, the Court concluded that reopening the case would be futile because the conduct challenged by the Movant (i.e., a post-discharge foreclosure proceeding) constituted enforcement of a mortgage lien in rem and did not seek to impose personal liability upon the Movant. The Court explained that such conduct does not violate 11 U.S.C. § 524(a)(2), that reopening therefore would not afford any meaning substantive relief, and that the Motion to Reopen is to be denied on the basis of futility. *Order Denying Motion to Reopen*, ECF No. 657.

Two days <u>after</u> the entry of the *Order Denying Motion to Reopen*, the Movant filed the Emergency Motion to Continue. In that filing, the Movant asserted that a severe winter storm in Massachusetts caused widespread power outages, internet loss, and an inability to prepare for or attend the hearing. He also asserted that he is self-represented and suffers from serious medical conditions, and that these facts compounded the prejudice caused by the storm-related disruptions. Because the hearing had already occurred and the Court had already entered its decision, the filing could not function as a motion to continue.

Accordingly, in an abundance of caution and consistent with the solicitude afforded to pro se filings, on March 2, 2026, the Court entered its *Order Treating "Emergency Motion to Continue" as a Motion for Reconsideration or Relief from Order and Scheduling Hearing* (the "Treatment Order," ECF No. 670). In the Treatment Order, the Court made clear that its prior ruling had not rested on the Movant's absence, but on the governing law and the futility of reopening the case. Id.

Also on March 2, 2026, the Movant filed his Motion to Vacate. There, he argues principally that the Court committed a factual and legal error by characterizing the Massachusetts foreclosure action as solely in rem. He points to allegations in the foreclosure complaint that, in his view, seek determinations regarding his liability under the note and mortgage, and he argues that these allegations render the proceeding in personam and therefore violative of the discharge injunction. He also argues that the Court lacked the benefit of his second written reply and that his weather-related inability to appear warrants relief under sub-parts (b)(1) and (b)(6) of Rule 60.

With the exception of James R. Walsh, Trustee (who is now deceased), the Respondents oppose reconsideration.[2] In their response, Korde and Associates and Zoh Nizami argue that the Movant satisfies none of the narrow standards for reconsideration and that the Massachusetts action seeks only to enforce the mortgagee's in rem rights against the property, and not to impose personal

---

[2]Trustee Walsh's counsel of record appeared at the February 24, 2026 hearing.

liability on the Movant. See *Response of Korde and Associates and Zoh Nizami to Debtor's Motion for Reconsideration* (the "Korde Response," ECF No. 675). Respondent, Bank of New York Mellon Trust Company, N.A. advances similar arguments in its response.[3]

To counter, Movant has filed his *Reply of Michael D. Scott to Korde & Associates' Response to Motion for Reconsideration* ("Movant's Reply to Korde Response," ECF No. 678).

The Court has now had the full benefit of the Movant's post-*Order Denying Motion to Reopen* filings, his arguments about the weather event and other personal circumstances, his arguments about the contents of the Massachusetts complaint, the Respondents' answers to those contentions, and the Movant's Reply to Korde Response. Having considered the record anew, and having held a hearing on the same, the Court concludes that nothing in the record warrants the Court disturbing its original decision (i.e., the *Order Denying Motion to Reopen*).

### III.
### The Governing Standards Under Bankruptcy Rules 9023 and 9024

What is commonly called a motion for "reconsideration" in bankruptcy practice is governed by Federal Rules of Bankruptcy Procedure 9023 and 9024, which incorporate Federal Rules of Civil Procedure 59 and 60. See Fed. R. Bankr.

---

[3]See *Response of the Bank of New York Mellon Trust Company, N.A., as Successor In Interest to All Permitted Successors and Assigns of JP Morgan Chase Bank, N.A., as Trustee For Certificate Holders of Nomura Asset Acceptance Corp., Series 2005-AR2, Acting By and Through Its Servicer, Wells Fargo Bank, N.A. to Debtor's Motion for Reconsideration or Relief From Order Entered February 25, 2026, Under Fed. R. Civ. P. 60(B)(1) and 60(B)(6)*(the "Bank's Response,") ECF No. 676.

P. 9023 & 9024. The label a litigant places on such a motion is not controlling.

Rather, the Court examines the substance of the request and the grounds

asserted for relief. See InFirst Bank v. Jager, (In re Jager), 597 B.R. 796, 806–07

(Bankr. W.D. Pa. 2019).

Rule 59, as incorporated by Bankruptcy Rule 9023, permits a court to

alter or amend a judgment, reopen the record in limited circumstances, or grant

a new trial or rehearing in an appropriate case. Rule 59 relief is extraordinary

and should be granted sparingly. See In re Jager, 597 B.R. at 806–07 (citation

omitted).  It is not a vehicle for a disappointed litigant to take a second run at

matters already decided.  In the Third Circuit, a movant seeking relief under Rule

59(e) must establish one of three grounds: an intervening change in controlling

law, the availability of new evidence that was not previously available, or the

need to correct a clear error of law or fact or prevent manifest injustice. Max's

Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Rule 60, as incorporated by Bankruptcy Rule 9024, provides another,

though equally narrow, path to relief from a final order. Relief under Rule 60 is

extraordinary and requires a showing of exceptional circumstances. See In re

Jager, 597 B.R. at 812–13.  It permits relief on grounds such as "mistake,

inadvertence, surprise, or excusable neglect;" newly discovered evidence; fraud

or misconduct; voidness; satisfaction or release; or "any other reason that

justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). The rule does not provide an avenue

to relitigate legal issues previously resolved, to repackage arguments already

rejected, or to present arguments that could and should have been raised earlier.

The requirements for relief under Rules 59 and 60 serve an important function. Final orders mean something. Federal courts have a strong interest in finality, and the rules governing reconsideration reflect that interest. A litigant dissatisfied with the outcome cannot obtain relief merely by restating earlier arguments in more emphatic terms or by disagreeing with the Court's reasoning. There must be something more (i.e., new law, new evidence, clear error, manifest injustice, or one of the specific grounds recognized by Rules 59 or 60). Without that, the prior decision stands.

### IV.
### The Record Does Not Support Relief Under Rules 59 or 60

Measured against those standards, the Movant's arguments fall short.

To begin, there has been no intervening change in controlling law. The legal framework governing discharge injunctions, lien survival, reopening, and in rem foreclosure has not changed since entry of the Court's *Order Denying Motion to Reopen.* The Movant cites no new Supreme Court decision, no new Third Circuit decision, no new controlling authority from Massachusetts, and no statutory amendment that would alter the legal analysis.

Nor has the Movant identified newly discovered evidence in the sense contemplated by Rules 59 and 60. The weather-related facts described in the Emergency Motion to Continue may explain why he did not appear at the February 24 hearing. The Court does not doubt that severe weather, outages, and interruptions can impede a litigant's ability to participate. But those

circumstances (as well as any health-related circumstances)[4] do not constitute newly discovered evidence that would change the legal analysis. They do not bear on whether the challenged foreclosure proceeding is in rem or in personam. They do not transform lawful conduct into unlawful conduct. They do not create a discharge violation where none existed before.

The same is true of the Movant's contention that the Court did not have the benefit of his second reply brief.[5] Even assuming that to be the case, the Court has now reviewed the Movant's reply, along with any other subsequent filings (including the Motion to Vacate), and heard his arguments at the March 31, 2026 hearing. Those pleadings and arguments offer nothing new; rather they re-state or re-frame the Movant's position that the Massachusetts complaint seeks to impose personal liability. They do not, however, present any new material facts, law, or argument that alters the Court's analysis. Accordingly, even if the Court did not have the benefit of the second reply brief at the time it

---

[4] The Court recognizes, and does not discount, the Movant's representations regarding his serious health challenges and is sympathetic to the difficulties those circumstances may present. However, those considerations do not provide a legal basis to grant the Motion to Reopen or to disturb the creditor's exercise of its in rem rights through the pending foreclosure proceeding. To the extent the Movant seeks relief or accommodation based on his personal circumstances, such matters are more appropriately directed by the Movant to the court presiding over the foreclosure action, which is in the best position to determine whether any equitable relief or procedural accommodation is warranted under applicable state law.

[5] The Court considered the *Debtor's Reply In Support Of Motion To Reopen and Motion For Violation Of The Discharge Injunction*, filed at ECF No. 651, before the Court entered its *Order Denying Motion to Reopen*. Two days after the entry of the *Order Denying Motion to Reopen*, the Movant filed the *Response/Reply Brief of Michael D. Scott In Further Support Of Motion To Reopen Case And For Sanctions For Violation Of The Discharge Injunction* at ECF No. 664.

entered the *Order Denying Motion to Reopen*, the Court now has considered the Movant's contentions in their entirety, and none provide a basis for relief.

That leaves clear error, manifest injustice, excusable neglect, and the catch-all provision of Rule 60(b)(6). None of these grounds are present here.

The Court did not commit a clear error of law. The *Order Denying Motion to Reopen* rested on settled principles of bankruptcy law: a discharge eliminates personal liability but does not extinguish valid liens; creditors may enforce surviving liens through in rem proceedings; and a case should not be reopened where doing so would be futile because no substantive relief is available. Those propositions remain correct.

The Court also did not commit a clear error of fact. The Movant's principal complaint is that the Massachusetts foreclosure pleading includes allegations that he breached the note and mortgage, owes sums due, and is subject to a conditional judgment. See Motion to Vacate. But even taking those allegations as the Movant describes them, the Court does not agree that they render the action in personam. As explained below, those allegations are part of the architecture of a foreclosure claim under Massachusetts law. They are not requests for a personal money judgment against the Movant.

Nor has the Movant shown manifest injustice. To establish manifest injustice, it is not enough to say that the result is unwelcome. A litigant must show something fundamentally unfair about leaving the order in place. Here, the Court has now afforded the Movant all the process he seeks: his arguments have been fully briefed, his post-order motions have been entertained, his reasons for

10

missing the hearing have been considered, and his theory about the contents of the Massachusetts complaint has been addressed on the merits. The problem for the Movant is not that he has been unheard; the problem is that the law does not support his position.

Movant fares no better under Rule 60(b)(1). Even assuming arguendo that the weather event and resulting outages constituted excusable neglect as to the Movant's failure to appear, that alone does not warrant vacatur where the underlying motion fails as a matter of law. The Court's prior decision did not rest on nonappearance; it rested on futility and on the legal insufficiency of the claim asserted. Where the underlying issue is purely legal and the additional submissions do not alter the legal analysis, vacating the *Order Denying Motion to Reopen* would serve no purpose.

Rule 60(b)(6) also provides no refuge. That provision is reserved for truly extraordinary circumstances. It is not a catch-all invitation for a litigant to revisit a lawful ruling with which he disagrees. The present record discloses no extraordinary circumstance justifying relief. The Movant's arguments amount, at bottom, to a disagreement with the Court's legal conclusion that the foreclosure action is in rem. That is not enough.

## V.
### The Bankruptcy Code Draws a Clear Line Between Personal Liability and In Rem Rights

The merits reinforce the conclusion that reconsideration is unwarranted. Section 524(a)(2) of the Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the

11

employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor[.]" 11 U.S.C. § 524(a)(2). The statute's words matter; it bars efforts to collect a debt as a personal liability of the debtor. It does not say that a discharge extinguishes liens. It does not say that foreclosure is prohibited. It does not say that collateral becomes immune from prepetition security interests. Congress could have written such a rule. It did not.

The Supreme Court has explained that choice in unmistakable terms. In Johnson v. Home State Bank, the Supreme Court held that a bankruptcy discharge "extinguishes *only* 'the personal liability of the debtor[,]'" while "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." 501 U.S. 78, 83 (1991)(italics in original). In Dewsnup v. Timm, the Supreme Court reaffirmed "the pre-Code rule that liens pass through bankruptcy unaffected." 502 U.S. 410, 417 (1992). And in Farrey v. Sanderfoot, the Supreme Court observed that "[o]rdinarily, liens and other secured interests survive bankruptcy." 500 U.S. 291, 297 (1991).

The Third Circuit has adhered to the same understanding. In SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin), the court noted "that bankruptcy has traditionally afforded special status to liens, allowing them to pass through bankruptcy unaffected." 530 F.3d 230, 235 (3d Cir. 2008). In that case, the Third Circuit also recognized that a secured creditor's lien survives discharge unless avoided. Id. (quoting Cen–Pen Corp. v. Hanson, 58 F.3d 89, 92 (4th Cir.1995)). And in In re Factor, the Third Circuit affirmed the holding that because a foreclosure action is an in rem proceeding, the bankruptcy court did

not abuse its discretion in denying the movants' motion to reopen their chapter 7 bankruptcy case to pursue relief against a foreclosing entity for an alleged violation of the discharge injunction under 11 U.S.C. 524. 243 F. App'x 680 (3d Cir. 2007).

This Court has already applied these principles in closely analogous circumstances. In Burgos v. Flagstar Bank, N.A. (In re Burgos), the Court held that a mortgagee did not violate the discharge injunction by pursuing foreclosure in state court solely against its collateral where it sought no deficiency judgment or personal recovery. 673 B.R. 559 (Bankr. W.D. Pa. 2025). Burgos explained that chapter 7 provides a "meaningful fresh start, but it is a fresh start from personal liability[,]" not from valid liens. Id. at 563. Put more plainly, the fresh start is real, but it does not confer a "free house." Id. at 563.

The *Order Denying Motion to Reopen* applied precisely the same reasoning. Nothing in the present record undermines it.

Additionally, in Army v. Citimortgage, Inc., the United States District Court for the District of Massachusetts granted dismissal of a count whereby the plaintiff, having previously received a chapter 7 discharge, sought a "declaratory judgment that [d]efendant did not have the authority to foreclose by statutory power of sale under Mass. Gen. Laws ch. 244, § 14[.]" 140 F.Supp.3d 149, 150 (D. Mass. 2015)("Army II"). See also Army v. Citimortgage, Inc., Civ. No. 15-40016, 2015 WL 4092761, at *1 (D. Mass. July 7, 2015)(setting forth additional facts), partial reconsideration granted by Army II. Of particular note, the District Court of Massachusetts held:

> . . . Massachusetts courts have now answered the question of whether a mortgagor's debt is enforceable after discharge in bankruptcy. The answer, provided by the <u>Christakis</u> court, is that discharge does not make mortgage debt unenforceable; the debt remains in existence and can be enforced with an action against the debtor in rem. 29 N.E.3d at 825–26.

Army II at 152 (citing <u>Christakis v. Jeanne D'ARC Credit Union</u>, 29 N.E.3d 823 (Mass. 2015).

The record before this Court also includes documentary evidence that further illuminates the purpose and intent of the creditor's conduct *sub judice*. A letter dated March 16, 2023, attached as Exhibit D to the *Complaint to Foreclose Mortgage and Rights of Redemption*, filed at ECF No. 649-4, provides in relevant part:

> PLEASE NOTE: This letter has been sent to you for informational purposes only. As you know, at least one bankruptcy case has been filed relating to the below-referenced account. The automatic stay which has been in place in connection with this bankruptcy case has now been modified or terminated. This means that Wells Fargo may legally proceed against the real estate which serves as collateral for the account if timely payments are not made on the account. As a result of this bankruptcy case, we are not attempting to collect a debt from any customer who is involved in a bankruptcy case or in anyway violate any provision of the United States Bankruptcy Code. However, state law requires us to notify you that we may pursue all of our legal rights and remedies against the real estate if the default on the account is not cured as more fully-described below.

<u>See</u> ECF 649-4.[6]

---

[6] Wells Fargo Bank, N.A. is not a separate creditor in this matter but appears solely in its capacity as servicer for The Bank of New York Mellon Trust Company, N.A., the mortgagee and real party in interest. <u>See</u>, <u>e.g.</u>, *Caption; Bank's Response*, ECF No. 676. References to "Wells Fargo" in the record are therefore properly understood as actions taken on behalf of the secured creditor in connection with the administration and enforcement of the mortgage loan.

This language is neither incidental nor ambiguous. It expressly disclaims any attempt to collect a debt as a personal liability and instead limits the creditor's contemplated actions to "legal rights and remedies against the real estate." That is, by its own terms, the correspondence frames the creditor's conduct as the exercise of in rem rights only.

The United States Court of Appeals for the Fourth Circuit's recent decision in Palazzo v. Bayview Loan Servicing, LLC confirms that such communications, when properly framed, do not constitute impermissible debt collection activity. See Palazzo v. Bayview Loan Servicing, LLC, No. 24-2169, 2026 WL 784984, at *1–2 (4th Cir. Mar. 20, 2026).

There, the court applied a "commonsense inquiry" focused on the objective purpose and context of the actions or communication, including whether they seek to impose personal liability or merely relates to the creditor's rights in collateral. Id. at *4–5. Critically, the court held that actions and communications accompanied by clear and unequivocal bankruptcy disclaimers, stating that they are for informational purposes only and not attempts to collect an in personam debt, do not violate the automatic stay (or the Fair Debt Collection Practices Act). Id. at *7–8. Of course, a corollary of this conclusion is that such actions or communications also do not violate the discharge injunction.

Applying that framework here, the conclusion is straightforward. The Massachusetts pleading (expressly titled a "Complaint to Foreclose Mortgage and Rights of Redemption") and the March 16, 2023 letter attached to it make unmistakably clear that the action is in rem. Neither the complaint nor the

15

accompanying correspondence demands payment from the Movant, threatens personal liability, or seeks to coerce remittance. Rather, they expressly acknowledge the limitations imposed by the Bankruptcy Code and confine the creditor's conduct to enforcement of its lien rights against the property. Under the objective, context-driven analysis endorsed in <u>Palazzo</u>, this language confirms that the creditor is proceeding against the collateral alone, not against the debtor personally.

Accordingly, this exhibit found at ECF 649-4 does not support the Movant's contention that the creditor is attempting to collect a discharged debt. To the contrary, it reinforces the Court's conclusion that the creditor has limited its actions to the lawful enforcement of its surviving lien rights against the collateral.

Accordingly, the record and legal authority stated above only supports this Court's entry of the *Order Denying Motion to Reopen*.

## VI.
### The Challenged Foreclosure Allegations Are Elements of Foreclosure, Not Efforts to Impose Personal Liability

The Movant's theory rests on the proposition that because the Massachusetts complaint references the note, alleges default, states amounts due, and includes associated foreclosure averments, it necessarily seeks personal recovery. That premise cannot be squared with Massachusetts law.

Massachusetts treats a mortgage as a security device. <u>See</u> <u>Negron v. Gordon</u>, 366 N.E.2d 241, 204 (Mass. 1977)("It is only for the purpose of securing the debt that the mortgagee is to be considered owner of the property.") A

16

foreclosure action therefore exists to enforce the security interest securing that debt.

Massachusetts statutory law reinforces the same point. A mortgagee may foreclose only "after breach of condition of a mortgage of land[.]" Mass. Gen. Laws ch. 244, § 1.[7] Default is thus not an incidental pleading detail; it is the predicate to foreclosure.

Massachusetts appellate decisions confirm that understanding. A mortgagor "is entitled to possession until there is a default[.]" Santiago v. Alba Mgmt., Inc., 928 N.E.2d. 359, 363 (Mass. App. Ct. 2010)(quoting Joyner v. Lenox Sav. Bank, 76 N.E.2d 169, 173 (Mass. 1947). And, under statutory law, "if a mortgage provides for a power of sale, the mortgagee, in exercising the power, may foreclose . . . 'upon any default in the performance or observance' of the mortgage . . . including, of course, nonpayment of the underlying mortgage note." Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 579-80 (Mass. 2012)(quoting Mass. Gen. Laws ch. 183, § 21). The function of foreclosure is then to extinguish the equity of redemption and vest title in the foreclosing party. Bevilacqua v. Rodriguez, 955 N.E.2d 884, 894-895 (Mass. 2011); Way v. Mullett, 8 N.E. 881, 883 (Mass. 1886)(quoting Eaton v. Whiting, 3 Pick. 484, 491 (Mass. 1826)).

---

[7] Under Massachusetts law, foreclosure is generally accomplished through the exercise of a contractual power of sale and thus proceeds on a nonjudicial basis. See Mass. Gen. Laws ch. 183, § 21; ch. 244. There are, however, circumstances in which parties proceed in court, including where issues relating to title, priority, or redemption rights warrant judicial resolution. The Respondents contend that such circumstances are present here and that this posture explains the filing of the foreclosure complaint in the Massachusetts courts.

These authorities make clear why the challenged allegations appear in a foreclosure complaint. A foreclosing mortgagee must identify the mortgage, the debt it secures, the borrower's default or breach, and the amount due under the instruments. Without such allegations, the pleading would fail to state a foreclosure claim. These are not gratuitous allegations; they are foundational ones.

The Respondents say as much. It is explained that Massachusetts required a judicial foreclosure posture in this case, and that the use of the term "note and mortgage" reflects legal necessity rather than an effort to obtain a personal money judgment. See Korde Response at 2 fn.2. Whether every characterization in that response is accepted or not, the larger point remains correct: allegations regarding debt, default, and amounts due are entirely consistent with, and indeed necessary to, an in rem foreclosure action under Massachusetts law.

The Movant's position would turn that reality on its head. It would say that a creditor violates the discharge injunction by pleading the very facts Massachusetts law requires to foreclose. But that is not how law works. The question is not whether the complaint references a debt. It must. The question is whether the creditor seeks to collect that debt from the debtor personally. Here, the record, including the *Order Denying Motion to Reopen* and the Respondents' explanations, shows that the foreclosure action is directed at the property and seeks to enforce the lien against the collateral. See Korde Response; Bank Response ¶¶ 24-33.

18

If the foreclosure plaintiff had sought a deficiency judgment or otherwise attempted to impose personal liability on the Movant, different questions would arise. But that is not the record before the Court. The Court will not infer an in personam discharge violation merely because a foreclosure complaint contains allegations that are elemental to foreclosure itself.

## VII.
## Reopening Remains Futile

The conclusion follows naturally from the foregoing. A bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision lies within the bankruptcy court's sound discretion. In re Lazy Days' RV Ctr., Inc., 724 F.3d 418, 422–23 (3d Cir. 2013); Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak), 406 F.3d 214, 223 (3d Cir. 2005). But a case should not be reopened where reopening would be futile or would not afford substantive relief. See Reinert v. Vara, 620 B.R. 536, 543 (W.D. Pa. 2020).

That is this case. Because the challenged foreclosure conduct is lawful and does not violate the discharge injunction, reopening would still serve no purpose. The Movant cannot obtain the substantive relief he seeks because the law does not recognize the alleged violation. That was true when the Court entered the *Order Denying Motion to Reopen*, and it remains true now.

## VIII.
## Conclusion

The Court has left no stone unturned. It has considered the Movant's Motion to Reopen, his weather-based explanation and other personal

19

circumstances for missing the hearing, his post-order request for reconsideration (as construed by the Treatment Order), his Motion to Vacate, his arguments about the contents of the Massachusetts foreclosure complaint, the responses filed by the Respondents, Movant's Reply to Korde Response, the entire record, and the controlling law. Nothing in that material warrants relief under Federal Rule of Civil Procedure 59, as incorporated by Bankruptcy Rule 9023, or under Federal Rule of Civil Procedure 60, as incorporated by Bankruptcy Rule 9024.

The Bankruptcy Code frees the debtor from personal liability. It does not erase valid liens. The challenged foreclosure action seeks to enforce a surviving lien against property. The allegations of debt, default, and amounts due that the Movant attacks are not unlawful in personam collection devices; they are necessary components of an in rem foreclosure claim under Massachusetts law. The Court's prior decision was correct when entered. It remains correct now. It will remain undisturbed.

For all of the foregoing reasons, an order will be entered denying reconsideration of the *Order Denying Motion to Reopen* as well as the Motion to Vacate.

Dated: April 1, 2026

_____
The Honorable Jeffery A. Deller
United States Bankruptcy Judge

Case Administrator to mail to:

Michael D. Scott
Brett L. Messinger, Esq.
William E. Miller, Esq.

Kevin J. Petak, Esq.
Office of the United States Trustee

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                              Case No. 17-70045-JAD

Michael D. Scott                                                    Chapter 7
      Debtor

# CERTIFICATE OF NOTICE

| District/off: 0315-7 | User: auto | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Apr 01, 2026 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 03, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | #+ Michael D. Scott, 8 Tiffany Road, Bourne, MA 02532-8310 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2026                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 1, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brett L. Messinger | |
| | on behalf of Respondent ZOH NIZAMI blmessinger@duanemorris.com emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com |
| Brett L. Messinger | |
| | on behalf of Counter-Claimant U S Bank National Associates as Trustee For Credit Suisse First Boston Mortgage Securities Corp blmessinger@duanemorris.com  emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com |
| Brett L. Messinger | |
| | on behalf of Defendant US Bank National Association as Trustee blmessinger@duanemorris.com emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com |
| Brett L. Messinger | |
| | on behalf of Creditor US Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp. Mortgage Backed Pass Through Certificates Series 2004-AR-7 and Ocwen Loan Servicing  LLC blmessinger@duanemorris.com, |

emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger

on behalf of Defendant Ocwen Loan Servicing LLC blmessinger@duanemorris.com
emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger

on behalf of Defendant U S Bank National Associates as Trustee For Credit Suisse First Boston Mortgage Securities Corp
blmessinger@duanemorris.com  emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger

on behalf of Creditor U.S. Bank  National Association As Trustee For et al. blmessinger@duanemorris.com,
emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger

on behalf of Defendant U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp.
Mortgage Pass Through Series 2004-AR7 blmessinger@duanemorris.com
emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger

on behalf of Respondent Korde & Associates  P.C. blmessinger@duanemorris.com,
emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger

on behalf of Creditor U.S. Bank  National Association as Trustee Under the Pooling and Servicing Agreement Dated as of May 1,
2006, GSAMP Trust 2006-HE3 Mortgage Pass-Through Certificates Series 2006-HE3 and Ocwen Loan Ser
blmessinger@duanemorris.com, emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Brett L. Messinger

on behalf of Plaintiff U.S. BANK NATIONAL ASSOCIATION  AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR7
blmessinger@duanemorris.com, emariney@duanemorris.com,brett-messinger-1119@ecf.pacerpro.com,jalowe@duanemorris.com

Denver E. Wharton

on behalf of Creditor Khanda  LLC dew@ktwllaw.com, r42123@notify.bestcase.com

Heather A. Sprague on Behalf of the United States Trustee by

on behalf of U.S. Trustee Office of the United States Trustee Heather.Sprague@usdoj.gov

James Warmbrodt

on behalf of Creditor BANK OF AMERICA  N.A. bkgroup@kmllawgroup.com

James A. Prostko

on behalf of Creditor U.S. Bank  National Association, as Trustee, et al... jprostko@c-vlaw.com, jamesprostko@gmail.com

James A. Prostko

on behalf of Creditor The Bank Of New York Mellon Trust Company  N.A., et. al. jprostko@c-vlaw.com,
jamesprostko@gmail.com

James A. Prostko

on behalf of Attorney James A. Prostko jprostko@c-vlaw.com  jamesprostko@gmail.com

James D. Newell

on behalf of Interested Party Collora LLP  William Lovett, William Kettlewell, Sara Silva james.newell@bipc.com,
donna.curcio@bipc.com

James R. Walsh

jwalsh@spencecuster.com
trustee@spencecuster.com;kpetak@spencecuster.com;skosis@spencecuster.com;jwalsh@ecf.axosfs.com;TrusteeWalsh@gmail.co
m

James R. Walsh

on behalf of Trustee James R. Walsh jwalsh@spencecuster.com
trustee@spencecuster.com;kpetak@spencecuster.com;skosis@spencecuster.com;jwalsh@ecf.axosfs.com;TrusteeWalsh@gmail.co
m

Jeremy J. Kobeski

on behalf of Creditor The Bank Of New York Mellon Trust Company  N.A., et. al. pawb@fedphe.com,
mcupec@grenenbirsic.com

Jill Locnikar

on behalf of Creditor United states of america jill.locnikar@usdoj.gov
patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;namrata.pallat@usdoj.gov

Jill Locnikar

on behalf of Defendant United States Department of Justice  et al. jill.locnikar@usdoj.gov,
patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;namrata.pallat@usdoj.gov

Jill Locnikar

on behalf of Defendant U.S Department of Education jill.locnikar@usdoj.gov
patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;namrata.pallat@usdoj.gov

Jill Manuel-Coughlin

District/off: 0315-7                                    User: auto                                         Page 3 of 3

Date Rcvd: Apr 01, 2026                                Form ID: pdf900                                Total Noticed: 1

on behalf of Creditor The Bank Of New York Mellon Trust Company  N.A., et. al. bankruptcy@powerskirn.com

Jonathan W. Chatham

on behalf of Creditor PA Dept of Revenue RA-occbankruptcy7@pa.gov

Jonathan W. Chatham

on behalf of Attorney PA Dept of Revenue RA-occbankruptcy7@pa.gov

Kevin J. Petak

on behalf of Trustee James R Walsh kpetak@spencecuster.com
skosis@spencecuster.com;petak.kevinb119375@notify.bestcase.com

Kevin J. Petak

on behalf of Interested Party James R Walsh kpetak@spencecuster.com
skosis@spencecuster.com;petak.kevinb119375@notify.bestcase.com

Kevin J. Petak

on behalf of Trustee James R. Walsh kpetak@spencecuster.com
skosis@spencecuster.com;petak.kevinb119375@notify.bestcase.com

Kevin Scott Frankel

on behalf of Defendant Korde & Associates P C pabk@logs.com  logsecf@logs.com

Kristen D. Little

on behalf of Defendant Korde & Associates P C KRLITTLE@FIRSTAM.COM

Kunal Janak Choksi

on behalf of Defendant Internal Revenue Service kunal.j.choksi@usdoj.gov

Leonard P. Vigna

on behalf of Creditor Tufts Investments  LLC lpv@ktwllaw.com, ams@ktwllaw.com;r42123@notify.bestcase.com

Office of the United States Trustee

ustpregion03.pi.ecf@usdoj.gov

Ronald E. Reitz

on behalf of Creditor ROSE AKE rreitz@margolisedelstein.com

Ronald E. Reitz

on behalf of Plaintiff BONABERI CORPORATION rreitz@margolisedelstein.com

Ronald E. Reitz

on behalf of Creditor BONABERI CORPORATION rreitz@margolisedelstein.com

Ronald E. Reitz

on behalf of Plaintiff ROSE AKE rreitz@margolisedelstein.com

Stephen G. Murphy

on behalf of Defendant The Commonwealth of Massachusetts murphys@dor.state.ma.us

Stephen G. Murphy

on behalf of Creditor Massachusetts Department of Revenue murphys@dor.state.ma.us

Stephen G. Murphy

on behalf of Defendant Commonwealth of Massachusetts murphys@dor.state.ma.us

Thomas Song

on behalf of Creditor U.S. Bank  National Association, et.al. pawb@fedphe.com

William E. Miller

on behalf of Defendant US Bank National Association as Trustee wmiller@logs.com  logsecf@logs.com

William E. Miller

on behalf of Creditor Wells Fargo Bank  N.A wmiller@logs.com, logsecf@logs.com

William E. Miller

on behalf of Creditor U.S. Bank  National Association As Trustee For et al. wmiller@logs.com, logsecf@logs.com

William E. Miller

on behalf of Creditor The Bank of New York Mellon Trust Company  N.A., as successor in interest to all permitted successors and assigns of JP Morgan Chase Bank, N.A., as Trustee for Certificate Holders of Nomura Asset Acce wmiller@logs.com, logsecf@logs.com

William E. Miller

on behalf of Creditor U.S. Bank  National Association as Trustee Under the Pooling and Servicing Agreement Dated as of May 1, 2006, GSAMP Trust 2006-HE3 Mortgage Pass-Trough Certificates Series 2006-HE3 C/O Phelan Hallinan wmiller@logs.com, logsecf@logs.com

TOTAL: 48